LAND, J.
Plaintiff, a judgment creditor of" Chas. De Luppe, sued him and his daughter, Miss Marie De Luppe, for the purpose-of recovering judgment decreeing that a certain lot of ground in the city of New Orleans, standing on the records in the name-of Marie De Luppe, belonged in full ownership to Chas. De Luppe and was subject to-his debts and to execution against him.
The petition was dismissed in the eivii district court on an exception of no cause of *953 .action, and thereupon plaintiff appealed to the Court of Appeal, which affirmed the Judgment.
It appears from the petition that in January, 1906, Mrs. Eliza Hery, widow of Felix De Luppe, and the mother of Charles De Luppe, by an act before a notary public, -duly recorded, sold and conveyed to Marie De Luppe said lot of ground for the purported consideration of $1,300 in cash and the assumption of a mortgage note for $150, -due by the vendor.
The' petition further alleged: That the consideration stated in said sale was not the true consideration, and that no cash whatever was paid, but that said property was transferred by said Widow Felix De Luppe, ■.since deceased, to the daughter of Chas. De Luppe, solely for the purpose of attempting to evade the creditors of Chas. De Luppe, .and was in reality transferred for account .and for the benefit of said Charles De Luppe, -and the said property really belongs to him.
That the said Charles De Luppe resides in the said premises, No. 2429 Hospital street, .and has ever since January 12, 1906, had full -control and absolute possession of the said ■property; it being well understood between ■himself and his said daughter that she holds title to the same nominally for his account, .and subject in all respects to his control .and disposal.
The Court of Appeal based its affirmance -of the judgment of the district court on the proposition that parol evidence is inadmissible to bring into the estate of the debtor real ■estate that has never formed any part of it, ■citing Hoffmann v. Ackermann, 110 La. 1071, 35 South. 293.
The petition does not allege the nature of •the evidence on which the plaintiff relies to -.support his ease. Such evidence may or may not be in writing, and the plaintiff may resort to interrogatories on facts and articles. It is only after the issues are made up that it can be determined what evidence will be ¡necessary on the trial of the cause, and during the trial is the proper time and occasion for objecting to the admissibility of evidence. It has been held that a plaintiff need not set out the evidence by which his ease is to be supported. West v. McConnell, 5 La. 427, 25 Am. Dec. 191. It has also been held that there is no provision of law that requires parties litigant to allege that their evidence is in writing. Brown v. Caves, 19 La. Ann. 438. Of course, in a proper case, the plaintiff may be ordered, on timely exception, to disclose whether he sues on a written or verbal contract, or to set forth the muniments of his title, or, in general, to furnish a bill of particulars. But it is not the province of a demurrer to compel such disclosures.
In the case at bar it appears on the face of the petition that Marie De Luppe is a person interposed, holding the title to the property for the use and benefit of her father, who has been in possession as owner ever since the transfer to the daughter. The petition does not set forth the nature of the evidence on which plaintiff relies to establish the alleged simulation. There was no exception of vagueness or insufficiency filed, but defendants demurred, thereby admitting as true, for. the purpose of the exception, all the facts alleged in the petition. Whether the plaintiff will be able on the trial of the cause on the merits to prove such facts by legal evidence is another question. Admitting, for the sake of argument, that parol testimony is inadmissible in such a case, and that plaintiff has no written evidence to prove his allegations, yet he has the privilege of probing the consciences of the defendants by propounding to them interrogatories on facts and articles. The allegations of a petition may disclose a perfect cause of action, while the plaintiff may not he able to adduce the legal evidence necessary to make out his case. The difference between allegations and proof is obvious, and it will be time enough to discuss the admissibility of parol evidence when it is offered on the trial.
*955 It is therefore ordered that the judgments herein of the Court of Appeal and of the civil district court he reversed, and it is now ordered that the exception of no cause of action filed by the defendants be overruled, and that this cause be remanded to the civil district court for further proceedings according to law; all costs of appeal and of review to be paid by the defendants.