No. 4782.

[St. Paul, J., sitting alone.]

## H. A. HOFFMAN vs. ED. ALLNET.

Woodville & Woodville for plaintiff and appellee.

E. A. Parsons for defendant and appellant.

ST. PAUL, J.—Plaintiff sued as the "holder and owner" of three promissory notes. Defendant pleaded want of consideration, and afterwards filed an exception of "no cause of action" based on the facts that the notes sued on were payable to the order of another than plaintiff and were not indorsed.

There are two ways of acquiring the ownership of promissory notes; by negotiation, and by assignment. (Norton on Bills, pp. 196-200 [Pars. 87-89].) The assignment need not be in writing.

### Hughes vs. Harrison, 2 La. 89.

Therefore, when plaintiff alleged that he was the "owner" of the notes sued on, he stated a cause of action and was not bound to set forth the evidence on which he relied to prove the truth of his allegation, or the nature of the title by which he claimed ownership, unless called upon by timely exception so to do.

### Ruddock-Orleans Cypress Co. vs. De Luppe, 119 La. 952.

The exception of no cause of action was, therefore, not well taken and was properly overruled.

On the merits, plaintiff has shown that the notes came

into his hands by a series of assignments going back to the original payees, and defendant has failed in his defense of want of consideration.

Judgment affirmed.