(54 South. 463.)

No. 18,276.

MALBROUGH et al. v. ROUNDTREE et al.

(Jan. 30, 1911. On Application for Rehearing Feb. 27, 1911.)

*(Syllabus by Editorial Staff.)*

1. PRESCRIPTION—REVOCATORY ACTION—STATUTORY BAR.

A revocatory action to annul acts of a father in favor of his concubine and his bastard children, in fraud of the rights of his forced heirs, is barred in one year by Civ. Code, art. 1994, applicable to revocatory actions.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 37.*]

2. PRESCRIPTION—REDUCTION OF DONATION—ACTION—STATUTORY BAR.

An action in reduction of a donation, made by a father in favor of his concubine and his bastard children, in fraud of the rights of his forced heirs, is barred in five years by Civ. Code, art. 3542.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 168–181; Dec. Dig. § 36.*]

3. PRESCRIPTION—REDUCTION OF DONATION—ACTION—STATUTORY BAR.

Where a father furnished money to purchase land in the name of his concubine, and at her death took conveyances from her brothers and sisters to himself as tutor of her children by him, if the acts complained of were donations by a father in favor of his concubine and his bastard children, and were intended to operate as donations, they were not simulations, but real transactions within the statute barring an action in reduction of donations.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 36.*]

4. PRESCRIPTION—REDUCTION OF DONATION.

Where a father furnished money for the purchase of real estate in the name of his concubine to make a donation to her and his bastard children, the donation was a donation of money, and not of realty, within the statute barring an action in reduction of a donation.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 36.*]

5. PLEADING (§ 214*)—DEMURRERS—EXCEPTIONS—ADMISSIONS.

A demurrer to a plea admits only the facts therein alleged, and not the conclusions of law.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

6. PLEADING (§ 8*)—CONCLUSIONS.

Where the facts stated in the petition by heirs, in an action in reduction of a donation made by their father to his concubine and his bastard children, showed that what the father gave was money and not real estate, an allegation that the thing given was real estate is but a conclusion of law, and cannot be considered.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

7. SUCCESSIONS — DONATIONS IN FRAUD OF HEIRS—VALIDITY.

Donations by a man of money for the purchase of land in the name of his concubine, for her benefit and the benefit of his bastard children, are donations of personal property, and are not void as to his forced heirs.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 208–212; Dec. Dig. § 69.*]

8. SUCCESSIONS — DONATIONS IN FRAUD OF HEIRS—VALIDITY.

Civ. Code, art. 1754, providing that husbands and wives cannot give to each other indirectly beyond what is permitted by law, and all donations disguised shall be void, applies only to donations between husband and wife, and disguised donations between others are not void as to forced heirs for being disguised.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 208–212; Dec. Dig. § 69.*]

Appeal from Twentieth Judicial District Court, Parish of Terrebonne; R. B. Butler, Judge, ad hoc.

Action by Mrs. Joseph Malbrough and others against John Roundtree and others. From a judgment granting insufficient relief, plaintiffs appeal. Affirmed.

Howell & Caillouet and Harris Gagne, for appellants. Beattie & Beattie, for appellees.

PROVOSTY, J. The plaintiffs allege that their father, during his marriage with their mother, lived in open concubinage with one Eulalie Malbrough, the mother of the defendants, who are the adulterous issue of such concubinage; that "for the purpose of making a donation to his said concubine and bastards, in violation of a prohibitory law and to the prejudice of petitioners, his forced heirs," he made the following three acquisitions of real estate (describing fully); but that, to carry out said purpose, he made said purchases in the name of his said concubine; that at the death of said concubine in 1894 he caused the defendants to be recognized as her heirs, and himself to be appointed their tutor; that "in furtherance of his same scheme to give to his bastard children, in violation of a prohibitory law, and to the prejudice of petitioners, his forced heirs," he, on April 23, 1894, induced four out of six of the brothers and sisters of his late concubine, who were her legal heirs, to execute an act of sale of all their rights, title, and interest in the succession of their said sister in favor of himself in his quality as tutor of defendants; that said pretended sale was a sham and a fraud, resorted to simply for the purpose of carrying out the scheme of making a donation to said defendants; that subsequently, on July 17, 1894, he "acquired for his own account, at a constable's sale, the interest" of the two other heirs of his said concubine in her succession; that "any disposition from their father to his said concubine, or to the illicit children of this illicit union, is null, whether it be disguised under the form of an onerous contract or be made in the names of persons interposed"; that defendants "claim to be owners of the property herein described by purchase made by their said father of the legal heirs of their mother and by inheritance from their said mother, and by said claim disturb the ownership and possession of your petitioners"; that their father died in 1895, and they were duly, by order of court, sent into possession of his estate.

The prayer is that:

"There be judgment decreeing your petitioners, as forced heirs of their father, the owners of the property herein described, and declaring the 'three sales to the said concubine' to have been made in fraud of petitioners' rights as forced heirs, the said Eulalie Malbrough being a person interposed for the purpose of permitting their said father to make a disposition, inter vivos, to his concubine and adulterous children, and for general relief."

Defendants excepted that the petition was vague and contradictory in its terms, in that the plaintiffs are claiming to be in possession and yet at the same time propound the issue of title and pray to be recognized as owners. With reserve of that exception, the defendants pleaded the prescription of one year, applicable to the revocatory action (Civ. Code, art. 1994); that of five years, applicable to the action in nullity, or rescission, of contracts, testaments, and other acts, and in reduction of excessive donations (Civ. Code, art. 3542); and that of ten years, for the acquisition of real estate and liberation from personal obligations.

The case was tried on the pleadings, except that the admission was made on the trial that the defendants had been in the corporeal possession of the property since the death of their mother in 1894.

The learned judge ad hoc overruled the exception of vagueness, sustained the pleas of prescription as to the interest acquired for the defendants by their tutor by purchase from four of the heirs of Eulalie Malbrough, and overruled said pleas, and gave plaintiffs judgment for the interest acquired

by their father for himself by purchase from the two other heirs of Eulalie Malbrough.

The nature of the suit is not clearly defined, either in the petition or in the brief. In so far as it may be a revocatory action to annul the acts of the father of plaintiffs as having been in fraud of their rights as forced heirs, the prescription of one year is well pleaded. In so far as it may be an action in reduction of a donation, it is barred by the prescription of five years.

But the learned counsel for plaintiffs say that the acts complained of were pure simulations, to which no prescription can apply.

This contention is refuted by the positive allegation of the petition that the acts complained of were donations, and were intended to operate as such. If they were donations, they were not simulations, but real transactions.

Counsel also contend that prescription is not applicable, for the further reason that the donation of an immovable to a person with whom the donor has lived in open concubinage is an absolute nullity, incurable by time.

Conceding, for the argument, that the donation would have been null, and the nullity so absolute as not to be curable by prescription, if the property forming the subject of it had been immovable, it is not null and is curable by prescription, because the thing alleged to have been given was not an immovable, but money. The allegation is that the father of plaintiffs furnished the money with which the prices of the sales were paid; that is to say, that the money, and not the real estate, was what was given. And, as a matter of fact, the father of plaintiffs never had this real estate, and therefore cannot, in the nature of things, have given it. One cannot have given what one has never had. He gave money, and with the money his concubine purchased the real estate from the owners of it. That in such cases the thing given is the money, and not the real estate, has been expressly decided in several cases. Wells v. Wells, 116 La. 1065, 41 South. 316, and cases there cited.

Counsel say that the allegation is expressly made that the thing given was the real estate; that the title was put in the name of the concubine merely as a disguise, she being a mere person interposed; and they argue that this allegation must be taken for true, since for the purposes of the trial of the pleas of prescription the allegations of the petition must be taken for true.

It is true this allegation is made, but it is made purely as a conclusion of law from the facts that are stated; and a demurrer to a plea admits only the facts therein alleged, not the conclusions of law. The facts stated in the petition show that what was given was the money; hence the allegation of the conclusion of law, that it was the real estate goes for naught.

Finally counsel argue that the acts in question, by which their father sought to transfer this real estate to his concubine and, after her death, to her children, were so absolutely null as not to be curable by prescription, because they were disguised donations. In support of this counsel cite article 1754, Civ. Code.

The first answer is that no matter how disguised the donations may have been, they were donations of money, and not of the real estate, and that donations of personal property to a concubine are not void. The next answer is that the above-named article of the Code applies only to donations between husband and wife. Disguised donations between other persons, however null they may be for other reasons, are not null for being disguised.

The defendants have no title to the interest which the father of the plaintiffs acquired in his own name from the heirs of Eulalie

Malbrough. The lower court properly gave plaintiffs judgment to that extent.

Judgment affirmed.

### On Application for Rehearing.

BREAUX, C. J. Defendants move the court to amend the opinion and judgment rendered, so as to amend and change the expression:

"The defendants have no title to the interest which the father of the plaintiffs acquired in his own name from the heirs of Eulalie Malbrough. The lower court properly gave judgment to that extent."

The motion is granted. The words quoted are left out—eliminated from the opinion and judgment—and the judgment is affirmed without those words.

Application for a rehearing refused.