BRUNOT, J.
 

 Paul L. Prieto and Martha Gaines were married on December 13, 1918, and the issue of the marriage was one son, Peter Paul Prieto, a minor. Paul L. Prieto died intestate December 3, 1926, his succession was opened, Martha Gaines Prieto was confirmed as natural tutrix of the minor, Peter Paul Prieto, and she and the said minor, were, respectively, recognized as the surviving widow in community and the sole heir of the deceased, and, as such, they were sent into possession of his estate by a judgment of the court. Following these proceedings, the parents, brothers, and sisters of the deceased filed a suit wherein they allege that the marriage between Martha Gaines and Paul L. Prieto was .bigamous; that Martha Gaines Prieto was legally married to Edward'Aprea, who was alive and from whom she was not divorced, when her marriage to Paul L. Prieto was contracted; that at that time Paul L. Prieto well knew the marital status of Martha Gaines Aprea; and, as both of said parties to the contract of marriage were in bad faith, their marriage produced no civil
 
 *713
 
 effects, either,- as' to the surviving widow or to the minor child. The plaintiffs prayed for •the nullity of the judgment recognizing Martha Gaines Prieto as widow in community and Peter Paul Prieto as the sole heir of the deceased and sending them into possession of his estate, and for a reservation of their rights, in due course and after proper proceedings had, to be recognized as the sole heirs of the deceased, and, as such, to be sent into possession of his estate.
 

 The defendant filed a rule for bond upon the business partner of the deceased. She also filed two exceptions, one of which is to articles 12 and 13 of the petition and the other is the exception of no right or cause of action. In addition thereto, she filed a plea of estoppel. The rule for bond was recalled, the exceptions and the plea of estoppel were referred to the merits, the answer was filed, the suit was tried, and the court rendered judgment decreeing the nullity of the marriage contracted- between Martha Gaines and the decedent Paul L. Prieto, avoiding the judgment recognizing Martha Gaines Prieto as the widow in community, and Peter Paul Prieto as the sole heir of decedent, and reserving to the plaintiffs the right, in due course, and by proper proceedings, to be recognized as decedent’s sole heirs and be
 
 sent into
 
 possession of his estate. From this judgment the 'defendant, for herself and as natural tutrix of her minor child, appealed.
 

 The judgment does not directly pass upon defendant’s exceptions and plea of estoppel, but its effect is to overrule them. The exception of no right or cause of action and the plea of estoppel are based upon the theory that decedent could not, during his lifetime, have attacked his marriage to Martha Gaines as bigamous; therefore the plaintiffs, as his privies, are also estopped from doing so. A bigamous marriage is an absolute nullity. It is expressly forbidden, by C. C. art. 93 (Merrick). It cannot produce civil effects either as .to the parties to the contract or as to the children born of such a marriage, and it can be attacked by any person interested, when it is sought to be used by another claiming any benefit under it. C. C. art. 113 (Merrick). This right is subject only to the provisions of C. C. art. 114 (Merrick), which follows:
 

 “But in all cases where, conformably to the preceding article, the action of nullity may be instituted by any person having a pecuniary interest, it cannot be brought during the life of the two married persons by the collateral relations or by the children born' of a previous marriage, until they have acquired an actual interest.”
 

 This suit was brought- after the death of one of the married persons, by plaintiffs, who allege themselves to be the sole heirs of the . deceased and entitled to inherit his estate. Defendant, in support of her contention, has cited Summerlin v. Livingston, 15 La. Ann. 519, and Jones v. Jones, 119 La. 677, 44 So. 429. The Jones Case announces a principle which applies to the turpitude of one, through whom another claims, whose acts were lawful when they were committed. This principle is generally recognized. In the Summerlin Case it was contended that defendant was estopped from availing himself of the alleged radical defect of the marriage between himself and the deceased. In that case the court said, quoting from the syllabus:
 

 “Where a party legally married, before the dissolution of such marriage contracts another, the latter contract is absolutely null, and is not susceptible of confirmation or ratification whether express or implied. Nor is it necessary that a direct action be instituted for the purpose of setting it aside; its nullity may be demanded by way of exception or defense.”
 

 There is no intimation in the Summerlin Case that either party to such a contract as was therein considered, or their privies, were estopped from attacking it by direct action, by exception, or by way of defense. This disposes of defendant’s exception of no cause of action and of her plea of estop
 
 *715
 
 pel. The exception to articles 12 and 13 of the petition is without merit. Article 12 is, substantially, a recital of the facts upon which the alleged biad faith of both parties to the marriage is based and article 13 merely avers that Martha Prieto is the sister of the man who is under indictment for the killing of Paul L. Prieto. The averments in article 12 are necessary and proper, and those in article 13, if objectionable, are of no consequence. The defendant contends that the marriage between herself and Paul L. Prieto is presumed to be valid, and the burden of proving its invalidity rests upon the plaintiffs. We think the proof, as a whole, satisfies that requirement and establishes the invalidity of the marriage between Martha Gaines and Paul L. Prieto to a degree which may be said to be convincing.
 

 This conclusion relieves us of the necessity of determining whether defendant’s contention is or is not sound. The facts which are disclosed by the record are that Edward Aprea and Martha Gaines were lawfully married, in the parish of St. Tammany, on May 2, 1916. They removed to another state, and there lived together as man and wife for a short time. Martha Gaines Aprea then returned to the parish of St. Tammany and resumed her maiden name. On December 13; 1918, or about one year and seven months after her marriage to Edward Aprea, she married Paul L. Prieto. She was then about 25 years old, and Paul L. Prieto was aware of her previous marriage to Aprea. Two or three years after Martha Gaines and Paul L. Prieto were .married, a child of their cohabitation, Peter Paul Prieto, was born. On September 21, 1926, nearly eight years after her marriage to Paul L. Prieto, Martha Gaines Aprea filed a suit in the district court of the parish of St. Tammany, against Edward Apreá for a divorce on the ground of seven years’ absence. She alleged in her petition 'that she was married to Edward Aprea April 2, 1917; that Edward Aprea abandoned her, in the state of Ohio, and since that time she has not seen or heard from him. She obtained a final judgment of divorce against Edward Aprea on October 13, 1926. These divorce proceedings, and the averments of fact judicially made therein and attested to by Martha Aprea, and the overwhelming proof in the record that Paul L. Prieto knew that Martha Gaines had a living husband from whom she was not divorced at the time he married her, and, notwithstanding his knowledge of this fact, and contrary to the advice and admonition of his friends, he took Martha Aprea to Gretna, and there married her, conclusively establishes the bad faith of both parties to the marriage, and the absolute nullity thereof. Martha Gaines and Mrs. Dufour testified to admissions made to them by Aprea, concerning his marital status at the time Aprea and Martha Gaines were married, and Mrs. Dufour testified to communications between herself and Martha Gaines in relation thereto; but the testimony of Martha Gaines is, in some respects, so incredible as to require a very credulous mind to give that part of it much weight and in other respects it is a direct refutation of the attested averments of the petition in her suit against Aprea for a divorce. But, be that as it may, a mere declaration by one of the spouses of his or her marital status, unsupported by a single fact in relation thereto, cannot be accepted as proof of a bigamous marriage. To give such testimony that effect would open the floodgates of legalized concubinage, and the courts would thus lend a helping hand to the destruction of the respectability of society and the purity of the family. It has been held that where a man is known to be already married, but declares that he has been divorced, such declaration is not even sufficient to create a presumption of
 
 *717
 
 good faith on the part of a woman who marries him without further inquiry.
 

 “Good faith will not be presumed on the part of a mature woman who enters into a marriage with a man whom she knows to be already married, when she has no evidence of a divorce beyond the assertion of the man whom she says she has married.” Thomas v. Thomas, 144 La. 25, 80 So. 186; Taylor v. Taylor, 39 La. Ann. 823, 2 So. 581.
 

 A child whose parents were incapable of contracting marriage at the time of its conception is a bastard. O. C. art. 202 (Merrick). Such a child cannot be acknowledged by its parents. O. C. art. 204 (Merrick). With respect to article 204, it has been held that, as long as the impediment to the marriage of white and black persons was removed, a child of such parents, who were incapable of contracting marriage at the time of its conception, may be legitimated; but, under the present law, no such exception can be made.
 

 The defendant contends that, if she was not the wife of Paul L. Prieto, she was his partner in business, and she prays, in the alternative, that her right to a share as a partner in the property accumulated by her and Paul L. Prieto during their domestic association be reserved to her. This court has held that a concubine is entitled to the relief asked for in defendant’s alternative prayer. Delamour v. Rogers, 7 La. Ann. 152; Lagarde v. Dabon, 155 La. 25, 98 So. 744.
 

 For the reasons assigned, the judgment appealed from is amended by reserving to the defendant, Martha Gaines, the right to judicially assert, in any court of competent jurisdiction, any claim she has or may have, as a partner of Paul-L. Prieto, deceased, to any and all property acquired by said defendant and Paul L. Prieto during the time they lived together as man and wife, and, as thus amended, it is now decreed that said judgment be affirmed; the costs of the appeal to be paid by appellee!
 

 THOMPSON, takes no part.
 

 OVERTON, J., dissents.
 

 O’NIELL, O. .L, dissents, being of the opinion that Paul L. Prieto and Martha Gaines were in good faith when they married.