PONDER, Justice.
 

 This is an appeal from a judgment sustaining exceptions of no cause or right of action and dismissing the plaintiffs’ suit.
 

 Henry George Hogh, Sr., died in the City of New Orleans on September 2, 1931, leaving a surviving widow, Theresa Hoffman Hogh; a son, Henry Hogh, Jr.; and a grandson, Albert John Hogh. Henry George Hogh, Sr., was married three times. The sole issue from the first marriage of the decedent with Mary Ann Griffith, who died in 1888, was John Jacob Hogh. John Jacob Hogh married Caroline Dickinson, from which marriage the sole issue was Albert John Hogh. John Jacob Hogh is now deceased. The sole issue from the decedent’s second marriage to Ella Higgins, who died in 1897, is Henry George Hogh. There was no issue from the decedent’s third marriage to Theresa Hoffman, widow of a prior marriage to Adam Baloga. Theresa Hogh, Henry George Hogh, Jr., and Albert John Hogh applied to the court on November 30, 1931, alleging that the decedent left a document purporting to be a last will and testament in the olographic form dated June 24, 1930; that there was a dispute between them as to their respective rights, etc.; that they desired to effect a just and amicable settlement of the dispute and to compromise and adjust their differences without resorting to litigation; and that each desired to be recognized as the sole heir of one-third interest in the decedent’s estate. They prayed that they be recognized as the sole heirs of the decedent and that they be sent into possession of all the property left by the decedent in the proportion of one-third each. On November 30, 1931, Mrs. Theresa Hoffman Hogh, Henry George Hogh, Jr., and Albert John Hogh were sent into possession, by judgment of court, of the property of the decedent in the proportion of one-third each.
 

 On June 30, 1938, Henry George Hogh, Jr., and Albert John Hogh instituted this suit asking that the succession be reopened and that they be declared the owners of certain immovable property now-standing in the name of Florine Baloga and for judgment against Mrs. Theresa Hoffman Hogh for the sum of $2,760, being the amount of rent collected from the immovable property. In this suit it is alleged that Florine Baloga and Theresa Hoffman Hogh are fraudulently holding and concealing property belonging to the succession of Henry George Hogh, Sr.; that Henry George Hogh, Sr., left a last will and testament which was never probated because of its nullity; that the property fraudulently held by Florine Baloga and Theresa Hoffman Hogh was not inventoried in the succession because Theresa Hoffman Hogh fraudulently held out to the petitioners that the decedent left nothing but the real estate that was contained in the inventory; that Florine Baloga is a daughter of Theresa Hoffman Hogh, issue of her previous marriage with Adam Baloga, now deceased; that although an
 
 *263
 
 act passed before a notary public on May 18, 1927, declares Florine Baloga to be the purchaser of the property from Joseph Kilark for the recited cash consideration of $4,500 the property was actually purchased by the decedent with funds belonging to him; that the decedent paid cash for the property but the property was placed in the name of Florine Baloga fraudulently, simulated and unlawfully for the purpose of depriving the petitioners of their rights as forced heirs in so far as it purports to affect their interest therein; that the decedent collected all the rents from the property during his lifetime and used them exclusively for his benefit and account; that the decedent exercised full control and dominium over the property during his lifetime; that Theresa Hoffman Flogh has exercised dominium and control over the property since the death of the decedent and has continued to collect the rents and use them solely for her use and benefit; that Florine Baloga has at no time been anything other than an interposed or nominal owner of the property; that Florine Baloga has at no time exercised ownership of the property or derived any benefit therefrom; that there was no consideration paid by Florine Baloga for the property, she being unable to pay any sum whatsoever; that Florine Baloga owned no property movable or immovable and had no means of support except that furnished by her step-father, the decedent; that in June, 1937, it first came to petitioners’ knowledge that 'Florine Baloga was the declared owner of this property and that it was purchased with funds belonging to the decedent; that at first your petitioners were under the impression and belief that Florine Baloga had received an excessive donation from the decedent, but have recently learned 'that she does not now and never did own the property; that the property is part of the decedent’s estate and was placed in the name of Florine Baloga for the purpose of depriving the petitioners of their legitime or interest therein; that Theresa Hoffman Hogh should be deprived of any interest' in' the property because of her fraudulent concealment of it; and that the succession of the decedent should be re-opened in order that the property thus fraudulently concealed be included in the assets of the estate and distributed to the rightful heirs. The plaintiffs prayed that the succession be opened; for judgment in their favor declaring the property to belong to the succession with the revenues produced therefrom since September 2, 1931; and that they be declared the owners each of an undivided half interest in the property. They further prayed for judgment against Theresa Hoffman Hogh in the sum of $2,760 for the rent collected from the property since September 2, 1931 to June, 1938.
 

 The defendants interposed exceptions of no cause or right of action. The defendants by way of answer interpose a plea of estoppel, a plea of res adjudicata and a plea of prescription of five years in bar of plaintiffs’ suit.
 

 The lower court having sustained the exceptions of no right or cause of action
 
 *265
 
 dismissed the plaintiffs’ suit, and the plaintiffs have appealed.
 

 Counsel for the plaintiffs in her argument and in her brief states to the effect that the plaintiffs rest their entire argument in support of their having stated a cause of action on the sole case of Ruddock Orleans Cypress Co. v. De Luppe et al., 119 La. 952, 44 So. 794, which they claim is on all fours with the case at bar.
 

 An examination of the case of Ruddock Orleans Cypress Co. v. De Luppe, supra, shows that Mrs. Eliza Hery, widow of Felix De Luppe, the mother of Charles De Luppe, by deed conveyed to Marie De Luppe, the daughter of Charles De. Luppe, certain property for a certain consideration and the assumption of a mortgage note. A judgment creditor of Charles De Luppe sued him and his daughter for the purpose of recovering judgment declaring that the property belonged in full ownership to Charles De Luppe and subject to his debts. It appeared at the time this suit was brought that the mother of Charles De Luppe was deceased. The Court of Appeal affirmed the judgment of the lower court dismissing plaintiff’s suit on an exception of no cause of action on the ground that parol evidence was inadmissable to bring into the estate of the debtor real estate that had never formed any part of it. This Court reversed the judgment and remanded the case to the lower court. It is to be borne in mind that the ancestor of Charles De Luppe had owned title to the property and was at the time of that suit deceased. It would appear that had the transfer from the ancestor of Charles De Luppe to the daughter of Charles De Luppe been set aside the property would have gone to the succession of Charles De Luppe’s ancestor in which event Charles De Luppe would have been an heir to that succession if not the sole heir. \
 

 The plaintiffs are not seeking to revoke a fraudulent contract or to set aside and annul- the deed as a simulation. The plaintiffs contend that though the purchase was made in the name of Florine Baloga that in reality the decedent was the purchaser. The plaintiffs do not seek to defeat the purchase but to make it inure to the benefit of their ancestor’s estate in order that they may acquire the property by inheritance. From the plaintiffs’ petition it is to be seen that there was never any title to the property vested in their ancestor. The plaintiffs’ petition does not allege that their ancestor was ever owner of the property at any time by any title recognized by law. The plaintiffs are seeking to attack the transfer of the property under the provisions of Article 2239, R.C.C. Article 2239, R.C.C., reads: “Counter letters can have no effect against creditors or bona fide purchasers; they are valid as to all others; but forced heirs shall have the same right to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit, and shall not be restricted to the legitimate.” There is no allegation in the plaintiffs’ petition that this property belonged to their ancestor by any title recognized by law, viz., by deed, by inheritance or by prescription. There is no allegation
 
 *267
 
 that the property was ever transferred by the plaintiffs’ ancestor to another. It is the contract or transfer made by the ancestor that forced heirs may attack as a simulation. Under the provisions of Article 2239 the forced heirs have the right to annul the simulated contract of those from whom they inherit but they could not under this provision of the law establish title to property which under no form of title recognized by law ever belonged to their ancestor or their ancestor’s succession. Hoffmann v. Ackermann et al., 110 La. 1070, 1076, 35 So. 293; Malbrough v. Roundtree, 128 La. 39, 54 So. 463; Eberle v. Eberle, 161 La. 313, 108 So. 549; and Scurto v. Le Blanc, 191 La. 136, 184 So. 567.
 

 Moreover, it is alleged in the plaintiffs’ petition that the plaintiffs’ ancestor furnished the money with which the price of the sale was paid. From the allegation in the plaintiffs’ petition it appears that the money and not the real estate was what was given. In fact the ancestor of the plaintiffs never had title to the property and could not in the nature of things have given it. One cannot give what one has never had. The plaintiffs’ ancestor gave the money and the defendant Florine Baloga purchased the real estate from the owners of it. In such cases it has been decided that the thing given is the money, Wells v. Wells, 116 La. 1065, 41 So. 316; and Malbrough v. Roundtree, supra.
 

 For the reasons assigned the judgment is affirmed at appellants’ cost.
 

 FÓURNET, J., absent.