ELLIS, Judge.
This is a controversy involving the rights of two persons in and to the movable and immovable property inventoried as belonging to the succession of a decedent, Annie Scott. One of the parties to the controversy, Harrison Wilson, lived in open concubinage with the decedent, and. purports to claim both as a creditor of the succession and as a part owner of some of the property of the succession. Julia Green, daughter of the decedent claims the entire estate of the decedent as only surviving child and sole forced heir.
In this case, Wilson and the deceased, Annie Scott, lived in open concubinage from 1941 until her death on the 25th of August, 1950. During these years Annie Scott acquired a lot of ground in De Quincy, Louisiana. This acquisition was on the 5th day of March, 1945, and on this property a house was built at an expense of approximately $300.00 for labor and $900.00 for materials. Certain movable property as shown on the inventory was acquired and was in the house on the date of Annie Scott’s death. On June 5, 1952, after Annie Scott’s death, Harrison Wilson filed a petition alleging that he was the only creditor of the estate and he also alleged “that decedent left property, both real and personal, in her name but purchased and paid for by your petitioner, within said parish and state”, and he prayed to be appointed administrator of the estate of Annie Scott.
To this petition Julia Green, who was the only child and forced heir of the deceased Annie Scott, filed an opposition and prayed that she be named administratrix.
An inventory was made listing the real estate and improvements and movable property as belonging to the estate of Annie Scott, and it was to this inventory that Harrison Wilson filed an opposition in which he claimed that the buildings and improvements listed on the inventory, while erected upon the property in the name of Annie Scott, had been paid for with money furnished by him for both labor and materials and that he had a lien or claim for the amount of said improvements against her estate. He further alleged that all the movables had been purchased with his own separate funds and he was, therefore, the owner of said movable property.
To this petition of opposition counsel for Julia Green filed an exception of no right or cause of action which is not being urged on the appeal. He also filed a plea of prescription of three years as provided by Article 3558 of the Civil Code of Louisiana which was not passed upon by the trial 'court and is, therefore, presumed to have been overruled. As the defendant has not answered the appeal re-urging his plea it cannot be considered.
While the trial judge termed the proceeding a hybrid one in which we think he’was correct, in view of the fact that he was acting judge in this matter and one of the regular judges of the Civil District' Court of New Orleans who had come to Lake Charles to try this case, he heard the entire proceeding without any objection and rendered judgment as to the ownership of the movable property and also as to the claim of Harrison Wilson that he had paid for the labor and materials and, therefore, had erected the building on the lot belonging to Annie Scott. The district court treated this matter as a joint venture and rendered judgment rejecting the application of Harrison Wilson to be appointed administrator, and appointing Julia Green as the administratrix. The judgment further amended and corrected the inventory to show the succession of Annie Scott to be the owner of an undivided one-half interest in all of the movable property listed therein except for certain designated movables, admittedly the separate property of the deceased, and that the other undivided one-half interest in the movables be recognized as the property of Harrison Wilson. The claim of Harrison Wilson for money advanced for the improvements on the real estate was rejected. The judgment did recognize Wilson’s claim for reimbursement of one-half of the funeral ex *747 penses paid for the burial of Annie Scott out of the joint account of Wilson and the deceased, allowing the sum of $157.50 as a valid and proven debt of the succession in favor of Wilson.
From this judgment Harrison Wilson has appealed.
There is no question of a partnership involved as none was alleged and none proven in accordance with the requirements of our civil code pertaining to partnerships, and, therefore, the cases cited in the brief filed on behalf of Harrison Wilson, viz., Prieto v. Succession of Prieto, 165 La. 710, 115 So. 911, Delamour v. Roger, 7 La.Ann. 152, and Lagarde v. Dabon, 155 La. 25, 98 So. 744, are inapposite and have no bearing upon the issues involved herein.
The trial court in considering the movable property held that it was jointly owned for the reason that at the time of the death of Annie Scott these were in the joint possession of her and appellant in their common home.
As to these movables, it appears that both Harrison Wilson and Julia Green are satisfied with the judgment of the district court awarding their ownership to both equally, and we see no reason to disturb this portion of the judgment.
As' to the immovable property, Wilson did not loan nor advance the money to the deceased. He earned the money and the deceased acted as his agent in paying the labor and material bills for the erection of the improvements on her lot. At the death of the deceased Wilson was just as much in possession of the house as he was of the movable property.
The allegation of his petition and the prayer to the effect' that he was the real owner of the improvements built upon the property of the deceased is sufficient to consider his claim in the light of Article 508 of the Revised Civil Code which gives third persons who place improvements on the land of another the right to recover for the value of the materials and workmanship when such improvements are kept by the owner. Atkins v. Smith, 207 La. 560, 21 So.2d 728; Myers v. Burke, La.App., 189 So. 482. Wilson has proven that it was his money that paid for the labor and materials that 'went into the home built on the property of deceased. It is logical to conclude that the building of this home was discussed between the deceased and Wilson, and the deceased agreed . that the house was to be built on her prop*-erty.
The fact that the receipts for the materials and the labor were given in the name of Annie Scott is easily understandable. These two people really lived together and treated each other as man and wife according to the record, and she was at home most of the week and Wilson would give her his pay check out of which she would pay for the materials. We do not think there is the least showing that she ever earned sufficient money to pay for the labor and materials that went into this home. ■
Under the facts found and the law applicable, the estate of the deceased would be obligated to reimburse appellant Wilson either by paying him the cost of materials and workmanship or by paying a sum equal to the enhanced value of the land, however, as Wilson is not complaining about the judge’s ruling on the movables and as he is only asking for a judgment for $616.14, which is one-half the cost of the labor and materials necessary to build the common home, the total amount necessary as shown by the record to be $1232.28,. we feel that this is all that we can award.
We are not in the remotest 'sense considering this property as community as there was no marriage, but upon the record, argument, and briefs of counsel we are not disturbing the judgment of the lower court as to the movable property but are amending the judgment as to the improvements placed upon the property of the deceased by Wilson by awarding him a judgment in accordance with his contention for one-half the amount of money necessary to place the improvements upon the property of the deceased.
It is therefore ordered that the judgment of the district court be amended and that Harrison Wilson be awarded judgment in his favor and against the Succession of *748 Annie Scott in the full sum of $616.14 with legal interest from judicial demand until paid, the cost of this appeal to be borne equally.
As amended the judgment of the District Court is hereby affirmed.