134 So.2d 114 (1961)
Bernice Wright JACKSON et al., Plaintiffs-Appellants,
v.
Louella HAMPTON, Defendant-Appellee.
No. 9568.
Court of Appeal of Louisiana, Second Circuit.
October 26, 1961.
Dhu and Lea S. Thompson, Monroe, for appellants.
Theus, Grisham, Davis, Leigh & Brown, Monroe, for appellee.
Before HARDY, AYRES and BOLIN, JJ.
BOLIN, Judge.
Plaintiffs filed this suit to be recognized as sole owners of three separate parcels of land situated in Monroe, Ouachita Parish, Louisiana. The lots involved are referred to in the petition as Lots "A", "B", and "C".
The basis of plaintiffs' claim is one of inheritance as they allege themselves to be the sole and only heirs of John Wright, Sr., deceased. Plaintiffs' original petition alleges the property was acquired by their ancestor while living in open concubinage with defendant. The petition further alleges:

*115 "Petitioners show that Lot `A', above described, was acquired by John Wright, Sr., * * * and that the purported vendees named in said deed were John Wright, Sr., and Louella Wright, husband and wife.
"That the said John Wright Sr., acquired Lot `B' above mentioned * * *, and the purported vendees named in said deed were John Wright and wife, Louella Wright, as will be shown on the trial hereof.
"That said John Wright, Sr. acquired Lot C, above referred to, * * * and the deed conveyed the Lot to the said John Wright, Sr., but stated that his wife was Louella Wright."
Then follows the allegations that John Wright, Sr., and defendant were never married, but were living in open concubinage; that the statements in all deeds indicating they were man and wife were false and fraudulent; that the concubine paid no part of the consideration. The prayer of said petition was:
"Wherefore Petitioners Pray for service of a copy of this petition and citation on Louella Hampton, alias Louella Joseph, declaring the hereinabove mentioned and described deeds, in so far as they set forth that said defendant is the joint vendee or wife of the said John Wright, Sr. in said deeds, null and void and of no effect and constitute a cloud on petitioners' title on said lots, and declaring said declarations, with reference to the said defendant herein, as being null and void and recognizing the said John Wright, Sr. as the sole and only vendee and purchaser of said property, and declaring your petitioners herein owners of the property as the legal heirs of John Wright, Sr., exclusive of any claim of the defendant herein, under the aforesaid and referred to deed;"
To this petition, defendant filed an exception of no right or no cause of action which was sustained by the trial judge. As no written reasons were assigned for the ruling, plaintiffs filed a motion for rehearing wherein they requested the reasons for sustaining the exception. The court apparently gave its reasons orally and allowed petitioners ten days in which to amend their pleadings. A supplemental petition was filed wherein the acts of concubinage were set forth in more detail and as being open; and various other general allegations were made more specific. To this amended petition, a second exception of no cause or right of action was filed which was again sustained without written reasons. It is from this judgment that the appeal now before us has been perfected.
Apparently the lower court sustained the exception on the basis of defendant's arguments that this suit is an attempt to establish title in plaintiffs' ancestor by parol evidence, and also an attempt to vary a written instrument by parol evidence. In support of this position, defendant cites Malbrough et al. v. Roundtree et al., 1911, 128 La. 39, 54 So. 463; and Succession of Hogh, 1939, 193 La. 260, 190 So. 399.
However, these cases are of little value in resolving the matter now before us. It is seen from a reading of these cases that plaintiffs therein sought to reform a deed by parol evidence on the ground that the named vendee therein was merely a third party interposed. In each of the cited cases the name of the alleged true vendee did not appear in the deed. Under these circumstances, the court held any conation to the named vendee therein was a donation of the funds used in the purchase of the property and as plaintiffs' ancestor never had title to the realty, the heirs did not acquire any title thereto. The Malbrough case is similar to the instant case only in that the alleged donation was to a concubine in contravention of LSA-C.C., art. 1481. We are not presented with this situation in the instant case.
It is obvious in this case that John Wright, Sr. attempted to acquire the three *116 lots as either the head and master of a marital community or as a co-partner in such a relationship. Accepting the allegations of plaintiffs' petition as being true, which we are bound to do in considering the exception, a community did not exist as there was neither a legal nor putative marriage.
In the absence of a marital partnership, the deeds purporting to transfer the property to such non-existent entity are of no avail to one claiming an interest therein as a co-partner. Therefore, the rules established by our jurisprudence relative to the establishment of claims to property by concubines and paramours apply. We do not deem it necessary to discuss this question in any great detail. As it relates to the problem at hand, we simply state that concubines, although under certain disabilities in the interests of good morals, are not, ipso facto, prevented from asserting claims arising out of business transactions with their paramours which were independent of the concubinage or meretricious relationships; but the claimant must produce strict and conclusive proof before she can be afforded relief. Delamour v. Roger, 1852, 7 La.Ann. 152; Succession of Llula, 1892, 44 La.Ann. 61, 10 So. 406; Prieto v. Succession of Prieto, 1928, 165 La. 710, 115 So. 911; Heatwole v. Stansbury, 1947, 212 La. 685, 33 So.2d 196; Sims v. Matassa, La.App. 1 Cir., 1941, 200 So. 666. Therefore, any rights the defendant might have to the property could only be successfully asserted by proof of facts and circumstances bringing her within a favorable situation under the various rules delineated in the cases cited above, in which case it would be a matter of special defense and could only be asserted on the merits.
It is therefore, ordered that the ruling of the lower court sustaining the exception of no cause or right of action be reversed and set aside and the case is remanded for further proceedings in accordance with law and this opinion. The costs of this appeal are assessed against appellee and all other costs are to await final determination on the merits.
Reversed and remanded.