352 So.2d 282 (1977)
Louis A. GATHRIGHT, Plaintiff-Appellee,
v.
Talmadge A. SMITH and Margie A. Lawrence, Defendants-Appellants.
No. 13369.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1977.
Rehearing Denied December 5, 1977.
*283 Paul H. Kidd, Monroe, George M. Strickler, Jr., New Orleans, for defendants-appellants *284 Talmadge A. Smith and Margie A. Lawrence.
Hamilton, Carroll & Miller by Orlando N. Hamilton, Jr., Oak Grove, for plaintiff-appellee.
Before BOLIN, PRICE and HALL, JJ.
En Banc. Rehearing Denied December 5, 1977.
PRICE, Judge.
This is an appeal by defendants from a judgment declaring the marriage of their mother to plaintiff null and void and rejecting defendants' claims to property acquired during the disputed relationship because of the bad faith of their mother in contracting the marriage.
Plaintiff, Louie Gathright, brought suit for a declaratory judgment against Margie Smith Lawrence and Talmadge A. Smith who are the only children and heirs of Clara Pearl Breland Smith (also known as Clara Gathright). He alleged that at the time of his marriage to Clara Smith she was not divorced from either of her two former husbands and was not capable of contracting a valid marriage with him. Plaintiff alleged he was unaware of this incapacity until after her death on January 14, 1973. He further alleged the decedent was in bad faith in contracting the marriage with him, and under La.C.C. Art. 118 she was not entitled to the civil effects of the marriage. Accordingly plaintiff contended the defendants had no rights of ownership in any of the property acquired during the existence of the null relationship.
Defendants denied the nullity of the marriage and sought to show that in any event their mother was a good faith putative wife entitled to the civil effects of the marriage.
The facts show that prior to decedent's marriage to plaintiff in 1942, she had contracted two former marriages. The first to Alexander F. Smith in St. Tammany Parish on April 20, 1920. Defendants were born of this marriage. Shortly after the birth of the second child, decedent and Smith separated. Smith did not obtain a divorce from decedent until March 13, 1963, in Orleans Parish.
On November 4, 1930, decedent purported to marry John Turner in Arkansas and lived with him until 1933 or 1934 when they separated and decedent established her residence in Bastrop, Louisiana. The evidence clearly establishes that on August 12, 1942, when decedent married plaintiff both Alexander Smith and John Turner were living and neither was divorced from decedent.
In a comprehensive opinion, the trial judge held that decedent was in bad faith under La.C.C. Arts. 117 and 118, and declared plaintiff to be entitled to the sole ownership of all property acquired during the null marriage to her.
Defendants on this appeal allege five specifications of trial court error: first, in placing the burden of proving good faith on defendants; second, in upholding plaintiff's contention he was in good faith; third, in requiring an unconstitutional burden of proof; fourth, in holding that burden was not met; and fifth, in failing to recognize the Louisiana property was co-owned by decedent.

I. APPLICATION OF BURDEN OF PROOF
Defendants contend that the trial court should have required plaintiff to prove their mother's bad faith instead of placing upon them the burden of proving their mother's good faith. Defendants contend that Lands v. Equitable Life Assurance Society of U. S., 239 La. 782, 120 So.2d 74 (1960) places the burden of proof on the party attacking the validity of a marriage. In Lands the court formulated a burden of proof for the party attempting to establish the nullity of a marriage, but the court did not reach the issue of whether the civil effects should flow from the null marriage. In the facts before us, plaintiff has met his burden of proving a null marriage. However, once a null marriage is proven, the burden of proving good faith in a putative marriage situation shifts to the party who contracted the null marriage in contravention of a prior, undissolved marriage. See Succession of Choyce, 183 So.2d 457 (La. App. 2d Cir. 1966), writ denied, 184 So.2d *285 735, and Succession of Davis, 142 So.2d 481 (La.App. 2d Cir. 1962).

II. PLAINTIFF'S GOOD FAITH
Defendants argue that plaintiff cannot be in good faith under C.C. 117 and 118 since he merely relied on decedent's statement that she was no longer married, citing Prieto v. Succession of Prieto, 165 La. 710, 115 So. 911 (1928). Plaintiff contends his belief was based on more than the mere declaration of decedent. The record shows that after decedent and John Turner separated in 1934, she moved to Bastrop in 1936. She held herself out to the community as a single woman. She bought real property in June 1936 by deed which stated she was divorced from her former husband, John Turner. In December 1936, she sold real property by deed which stated she was twice married, that her first husband was deceased, and her second husband divorced. Approximately four years later she met plaintiff, whom she subsequently married after a two year courtship. Plaintiff had the benefit of both the community reputation and the public records that decedent was legally single. This constitutes a sufficient basis for plaintiff to justifiably and reasonably believe that there were no legal impediments to the subsequent marriage.

III. UNCONSTITUTIONALITY OF STRICT AND CONCLUSIVE BURDEN OF PROOF
The trial court held that because decedent was in bad faith, no civil effects could flow in her favor under C.C. Art. 118. Therefore, in order to prove her one-half undivided ownership in the property acquired during the null marriage, defendants had to prove by "strict and conclusive" proof that decedent contributed to the funds used to purchase the property, and that the source of the funds must have been obtained independently from the concubinage relationship or common endeavor with plaintiff. Defendants contend this burden of proof is unconstitutional and a denial of equal protection since it does not apply to men. Plaintiff opposes our consideration of this question as he contends that the constitutional issue cannot be brought up on appeal because it was not pleaded in the trial court, citing Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971) and the cases cited therein. Defendants point out that these cases concern the pleading of the unconstitutionality of a statute; whereas, this case merely attacks the unconstitutionality of a burden of proof rule. They further assert that La.C.C.P. 2164 allows this court to render whatever judgment is equitable, and therefore, allows us to consider this constitutional question. Our research uncovers no cases which directly distinguish between a constitutional statute and a constitutional issue. In Sonier v. Louisiana Power & Light Co., 293 So.2d 24 (La.App. 1st Cir. 1974), plaintiff alleged the issue of unconstitutionality for the first time in the appellate court. Plaintiff complained that the method of selecting the jury was unconstitutional because of the alleged exclusion of women. Plaintiff did not contend that any statute or ordinance was unconstitutional. The court without discussion cited Summerell v. Phillips, supra, and stated that "questions of constitutionality" raised for the first time on appeal are precluded from consideration. The principle underlying this preclusion rule is based on rules of pleading. In Summerell, supra, the court stated the unconstitutionality of the statute or ordinance will not be heard unless it "is specially pleaded and the grounds particularized." See Causey v. Opelousas-St. Landry Securities Co., Inc., 192 La. 677, 188 So. 739 (1939). Any plea of unconstitutionality must be specially pleaded in the trial court unless it is one of the recognized exceptions. See State v. Gatlin, 241 La. 321, 129 So.2d 4 (1961); Meyer v. Board of Trustees of F. Pension & R. Fund, 199 La. 633, 6 So.2d 713 (1942); Harris v. Monroe Building & Loan Ass'n., 185 La. 289, 169 So. 343 (1935); Long v. Northeast Soil Conservation District of La., 226 La. 824, 77 So.2d 408 (1954). This court cannot consider the constitutional question under La.C.C.P. 2164 as the language of the article clearly limits its application to any "judgment which is just, legal, and proper upon the record on appeal." *286 (emphasis added) An issue of unconstitutionality not pleaded and not in the trial record cannot be considered on appeal. See Summerell, supra.

IV. SATISFACTION OF BURDEN OF PROOF
Defendants contend that even if the strict and conclusive burden of proof is applicable, it has been satisfied. Defendants point out that in 1955, decedent and plaintiff moved to California where they acquired two pieces of real property as "joint tenants." In late 1967, and early 1968, they sold the California properties, and from the money received purchased three pieces of property in and around Bastrop, Louisiana. Those properties were conveyed to "Louie Gathright, a married man whose wife is Mrs. Clara Gathright, nee Breland." They moved back to Bastrop during 1968, and in 1969 acquired a fourth piece of property which was conveyed to "Louie Allen Gathright and Mrs. Clara Gathright, nee Breland, husband and wife." These properties are the subject of this litigation.
Defendants contend that the applicability of the joint tenancy rules under California law would define the funds used to buy the Louisiana properties as co-owned. Defendants theorize that the Louisiana properties are therefore co-owned since the properties retain the co-ownership nature of the funds used for their purchase. The rule is well settled that the status of real property is determined by the law of the situs. The jurisprudence of Louisiana holds that common law joint tenancy rules have no application in determining ownership of real or personal property in this state. See Northcott v. Livingood, 10 So.2d 401 (La.App. 2d Cir. 1942); Dawson v. Capital Bank & Trust Co. of Baton Rouge, 261 So.2d 727 (La.App. 1st Cir. 1972), La.C.C. Arts. 9, 491. Therefore, the burden of proving decedent's interest in the real properties can only be satisfied by applying Louisiana law.

V. CO-OWNERSHIP
Defendants contend that under Louisiana law decedent owned a one-half undivided share in the property which was sold to "Louie Allen Gathright and Mrs. Clara Gathright, nee Breland, husband and wife." Defendants' contention cannot be maintained. Jackson v. Hampton, 134 So.2d 114 (La.App. 2d Cir. 1961) presents a factual situation analogous to the present facts on appeal. In that case a paramour and concubine bought real property as "John Wright, Sr., and Louella Wright, husband and wife." In Jackson the court reasoned that Wright attempted to buy the property as head and master of the community, and since one did not exist, deeds purporting to transfer property to a non-existent entity were of no avail to one claiming an interest therein. Since the bad faith wife has no greater rights than a concubine under Keller v. Keller, 220 So.2d 745 (La.App. 1st Cir. 1969), the Jackson rationale is applicable to the case before us. Therefore, the language of the Louisiana deed which purported to transfer the property to the decedent as "wife" of plaintiff and to a community of gains which did not exist, could not avail decedent or those claiming an interest through her. Neither can defendants assert their ownership through the civil effects which flow from a putative marriage since their mother was in bad faith. The sole remedy left to defendants is to establish by strict and conclusive proof that decedent purchased an interest in the properties with funds obtained independently from the concubinage relationship. See Heatwole v. Stansbury, 212 La. 685, 33 So.2d 196 (1947).
We find no error in the finding of the trial court that defendants have not met the burden of proof in this regard. The judgment appealed is affirmed at defendants' cost.