FRED W. JONES, Jr., Judge.
The primary issue presented in the appeal of these consolidated cases is whether two illegitimate children of a decedent had been formally acknowledged by him and, if so, whether the children acquired inheritance rights by virtue thereof.
Taylor Johnson (“decedent”), who was never married, died intestate on January 2, 1982. On February 1, 1982, decedent’s sister, Clara Agee, secured a court order appointing her administratrix of his succession, conditioned upon the filing of an inventory and furnishing security.
Alleging that they were duly acknowledged illegitimate children of the decedent, on October 19, 1982 Clara Bolton Mardis and David Earl Bolton filed a rule in the succession proceeding to revoke the appointment of Clara Agee as administratrix because of her failure to provide security within the time provided by law.
On October 29,1982, Clara Bolton Mardis and David Earl Bolton also filed in the succession proceeding a “petition for recognition as acknowledged illegitimate children and for possession.” On November 15,1982 the two filed a motion requesting the district judge to hold a hearing on the petition “so that movers can present evidence of their acknowledged illegitimate status.”
Clara Agee’s appointment as administra-trix was revoked on December 1, 1982 because of her failure to qualify for that position in accordance with the law.
Although no one was cited as a defendant in the petition by Clara Bolton Mardis and David Earl Bolton to be recognized as decedent’s duly acknowledged illegitimate children, an answer thereto was filed by Clara Agee attacking the validity of the asserted formal acts of acknowledgment and asking that the petition be dismissed. Clara Agee also filed a variety of motions and exceptions directed at the petition, all of which were either referred to the merits or overruled.
On January 12, 1983, in a separate proceeding, Clara Agee sued Clara Bolton Mar-dis and David Earl Bolton “to declare null and void two instruments, both of which purports to be acts of formal acknowledgment of illegitimate children.” After the filing of an answer by defendants, this case and the litigation in the succession proceeding were consolidated for trial purposes.
At the merit-trial the following relevant facts were established: J.B. Bolton and Ozena Bradshaw were married in 1936 and never divorced. In 1948, during the existence of his prior marriage, J.B. Bolton engaged in a marriage ceremony with Essie Bell Bolton. These two lived together until permanently physically separating in 1954. Essie Bell Bolton gave birth to David Earl Bolton on March 6, 1956 and to Clara Bolton (now Mardis) on November 1,1957. On February 23,1961 Taylor Johnson executed, on standard Louisiana Public Welfare forms, notarized statements in the presence of witnesses acknowledging that he was the father of the two above named children born to Essie Bell Bolton.
In a written opinion the trial judge found that, because of J.B. Bolton’s existing marriage to Ozena Bradshaw, his marriage to Essie Bell Bolton was a nullity; that, without this legal impediment, Taylor Johnson and Essie Bell Bolton were capable of marrying; and that the decedent did in fact formally acknowledge Clara Bolton Mardis and David Earl Bolton as his natural children. Consequently, judgment was rendered in the succession proceeding (No. 15,-661-CA) recognizing Clara Bolton Mardis and David Earl Bolton as the sole heirs of the decedent and entitled to possession of all his property, and in the other suit (No. 15,662-CA) dismissing the action with prej *711 udice. Clara Agee has appealed these judgments.
Although raising a number of peripheral procedural issues, the thrust of appellant’s argument on appeal appears to be twofold, as follows: (1) Because of her good faith, Essie Bell Bolton’s marriage to J.B. Bolton was a putative one; appellees were entitled to the civil effects thereof under La.Civil Code Art. 118, one of which was a prohibition against being declared illegitimate; and appellees were presumed to be the children of J.B. Bolton. (2) Alternatively, in 1961 [when decedent executed the formal acknowledgments] the only benefit accruing to illegitimates acknowledged thereunder was to alimony [support] rather than inheritance rights.
A marriage which is invalid because one of the contracting parties was legally married at the time of its confection is an absolute nullity and may be impeached by either of the parties to the marriage or by any other party in interest. La.C.C. Arts. 93,113; Prieto v. Succession of Prieto, 165 La. 710, 115 So. 911 (1928); Clark v. Clark, 192 So.2d 594 (La.App. 3rd Cir.1966).
The trial judge correctly held that the marriage of J.B. Bolton and Essie Bell Bolton was an absolute nullity because of Bolton’s existing marriage to Ozena Bradshaw. However, even a null marriage contracted in good faith by either of the parties produces civil effects in favor of the children born of the marriage. La.C.C. Arts. 117, 118.
In 1961, La.C.C. Articles 203 and 204 provided as follows:
Art. 203. The acknowledgment of an illegitimate child shall be made by a declaration executed before a notary public, in presence of two witnesses, by the father and mother or either of them, whenever it shall not have been made in the registering of the birth or baptism of such child.
Art. 204. Such acknowledgment shall not be made in favor of children whose parents were incapable of contracting marriage at the time of conception; however, such acknowledgment may be made if the parents should contract a legal marriage with each other.
Without presuming to prejudge ap-pellees’ rights under Articles 117 and 118 with reference to J.B. Bolton, we conclude that nothing contained therein pertaining to the civil effects of a putative marriage would have rendered Essie Bell Bolton legally incapable of contracting a marriage with Taylor Johnson when appellees were conceived or which would have prevented the decedent from formally acknowledging the paternity of appellees, which he did in compliance with Article 203.
La.C.C. Article 919, which excluded acknowledged illegitimates from participating in the succession of their father when the latter was survived by designated parties, was declared unconstitutional in Succession of Brown, 388 So.2d 1151 (La.1980). Brown was later held to apply retroactively to January 1, 1975, as well as prospectively. See Succession of Clivens (on rehearing), 426 So.2d 585 (La.1983).
It was further noted in Clivens that “the filiation amendments [time limitations for filing suit] to articles 208 and 209 apply only to unacknowledged illegitimates. Acknowledged illegitimates are under no similar compulsion to sue within a time frame to establish filiation.”
Since the decedent here died subsequent to January 1, 1975, his acknowledged children may not be deprived of their inheritance rights and thereby be penalized for their illegitimacy. Consequently, there is no merit to appellant’s contention that ap-pellees are restricted to claiming support from the succession of their deceased father because this was the only entitlement provided to acknowledged illegitimates by Article 203 in 1961.
Deeming it unnecessary to discuss in detail the asserted errors committed by the trial judge in his disposition of numerous motions and exceptions, we simply hold that he ruled correctly on these questions and adopt his stated reasons as our own.
*712 Finally, appellant complains that the trial court erred in assessing court costs against her. Although the language of the judgment in this respect may be somewhat ambiguous, we construe it as applying only to those court costs directly connected with this litigation and not those associated simply with settling of the succession.
For these reasons, we affirm the judgments in these consolidated suits, with costs of appeal assessed to appellant.