ALFRED CLARKSON et al. v. H. CLARKSON, Executor.

A testator is not allowed by law to bequeath to a stranger a usufruct for life of his whole estate when he has forced heirs. "No charges or conditions can be imposed by the testator on the legitimate portion of forced heirs." C. C. 1703. "If the disposition made by donation *inter vivos* or *mortis causa* be of an usufruct, or of an annuity the value of which exceeds the disposable portion, the forced heirs have the option, either to execute the disposition, or to abandon to the donee the ownership of such portion of the estate as the donor had a right to dispose of." C. C. 1486.

APPEAL from the District Court of the parish of Ouachita, *Richardson*, J. *J. T. Ludeling*, for plaintiff. *C. H. Morrison*, and *Garrett & Benton*, for defendant and appellant.

SPOFFORD, J. *Elizabeth Clarkson*, deceased, wife of *Hudson Clarkson*, the defendant, by her last will and testament bequeathed one-third of all the property that she might be owner of at the time of her death, to the children of her son, *Alfred Clarkson*, over and above their legitimate portion, should they be her forced heirs at that time; and the remainder of her property to be equally divided between her legal heirs; provided, however, that should her husband, *Alfred Clarkson*, survive her, he was to have the possession, use and usufruct of all her estate during his natural life, provided he did not waste the same. She also appointed her said husband executor of the will, and upon her death, in 1856, he assumed that office.

*Elizabeth Clarkson* left but two forced heirs, her son, *Alfred Clarkson*, one of the plaintiffs in this suit, and a grandson, *Albert Clarkson*.

These parties have sued the executor and surviving husband of the deceased, to reduce the legacy to him of the usufruct of the entire estate for his natural life, upon the allegation that it was an excessive donation *mortis causa*, made in fraud of their rights as forced heirs to one-half of the decedent's estate. A partition is also claimed. The District Judge fixed the value of the usufruct bequeathed to the surviving husband at $800, and decreed that this legacy, coupled with the bequest of one-third of the estate to *Alfred Clarkson's* children, exceeded the disposable portion, and that they must be reduced *pro rata*, and the succession partitioned accordingly.

The defendant has appealed.

If the bequest of the usufruct of the whole estate to *Hudson Clarkson*, and of one-third of the naked property to the children of *Alfred Clarkson*, taken together, did not exceed the disposable portion, it is manifest that the judgment reducing the legacies was erroneous.

It is agreed that the whole estate, as inventoried, amounts to $4,340, and that the debts amount to $708. The deceased then was worth $3,632. There being but two forced heirs, one-half of this sum, or $1,816, was the *légitime* reserved by law to them, and the other half constituted the disposable portion. C. C. 1480.

As a part of their case, the plaintiffs undertook to prove the present value of the usufruct bequeathed to *Hudson Clarkson*, the father of one of the plaintiffs and grandfather of the other. The District Judge assumed the highest estimate placed upon it by any of the plaintiff's witnesses, to wit, $800. Although other evidence in the record would seem to show that this estimate is too high, we may assume it

to be correct so far as that matter affects the legal conclusions to which we are driven. The District Judge appears to have added that sum to one-third of the *inventoried value* of the whole succession, less the debts (to wit, $1,210⅔,) in order to ascertain whether the donations to the prejudice of forced heirs exceeded the disposable *quantum*. The sum is $2,010⅔, or $194⅔ more than the disposable portion.

The error of this calculation consists in the assumption that the testatrix bequeathed one unincumbered third of her succession to her grandchildren, the children of *Alfred Clarkson*. She only bequeathed to them one-third of her estate, in naked ownership, *subject to the usufruct in favor of her husband*. If that be rightly appraised at $800, one-third of it, or $266⅔, must of course be deducted from the inventoried value of the property bequeathed to *Alfred Clarkson's* children, in order to estimate the present or real value of the legacy to them. Deducting this sum from $1210⅔, leaves $944 as the real or present value of the bequest in their favor. Add this sum to $800, the estimated present value of the bequest to *Hudson Clarkson*, and we have as the sum total bequeathed away from the forced heirs, $1,744, or $72 less than the disposable portion.

Of course, the same result will be produced by · the converse calculation. The *légitime* of the plaintiffs, as already stated, is $1816. The testatrix has left to them expressly in her will two-thirds of her estate in naked ownership. That proportion of her estate as inventoried would appear to be $2,421⅓. But that is subject to an usufruct in favor of *Hudson Clarkson* for his natural life. If the usufruct of the whole property for that term is worth $800, the usufruct of two-thirds of it must be worth $533⅓. Deduct that sum from $2,421⅓, and we have $1,888 as the present value of the property left by the will to the forced heirs, that is, $72 more than the *légitime* which is of right reserved to them. .

And so the complaint of the plaintiffs, upon their own showing, appears to be without a legal basis, so far as a reduction of the legacies is claimed.

But we are referred, in the appellee's printed argument, to the Article 1486 of the Civil Code, copied from Article 917 of the Napoleon Code. "If the disposition made by donation *inter vivos* or *mortis causa* be of an usufruct or of an annuity, the value of which exceeds the disposable portion, the forced heirs have the option either to execute the disposition, or to abandon to the donee the ownership of such portion of the estate as the donor had a right to dispose of.

The weight of authority in France seems to be, that by the "usufruct exceeding the disposable portion" referred to in this Article, is meant an usufruct of more than the disposable portion *of the revenue*. 3 Marcadé, pp. 449, 50.

But, if it be conceded that the donation of the usufruct of the whole estate in this case, is within the prohibition of the law, still the plaintiffs have not signified their readiness to abandon to *Hudson Clarkson* and *Alfred Clarkson's* children one-half of the succession in full ownership, which is required by Article 1486, as the only alternative by which they can escape executing the disposition in favor of *Hudson Clarkson*. Should they do so, it would then seem that *Hudson Clarkson* alone would profit by the abandonment, although we do not express a final opinion upon this point. For *Alfred Clarkson's* children are not forced heirs. The present value of the legacy to them, as already shown, is $944. No reduction of this sum would be necessary, if the plaintiffs should abandon one-half of the estate. That would leave $872 as the share of *Hudson Clarkson* in full property, or $72 more than the estimated present value of the usufruct bequeathed to him.

The plaintiffs not having tendered this sum to him, nor abandoned one-half the

CLARKSON
v.
CLARKSON.

estate in full ownership, no decree upon this branch of the case, as presented by the plaintiff's brief, can be made.

It is, therefore, ordered and decreed, that the judgment appealed from be avoided and reversed, and the suit dismissed, plaintiffs paying costs in both courts.

## SAME CASE—ON A RE-HEARING.

SPOFFORD, J. Upon a reconsideration of the facts of this case, and especially considering that the plaintiffs have acquiesced in the judgment of the court below which ordered the defendant, in lieu of the usufruct bequeathed to him, to take in full property the disposable portion, we have come to the conclusion that a sufficient abandonment is shown, to entitle the plaintiffs to recover.

Upon the other point, on which a re-hearing was granted, we are of the opinion that the law intended to cast upon the forced heir a certain part of the succession in full property, and that, to allow a testator to bequeath to a stranger an usufruct for life of his *whole* estate, (when he has forced heirs,) would be to impair the *légitime* reserved to such heirs of right. "No charges or conditions can be imposed by the testator on the legitimate portion of forced heirs." C. C. 1703.

There is great force in the reasons given by French authors for the doctrine which, as already stated, appears to prevail among them, that an usufruct of more than the disposable portion *of the revenues* is an usufruct " exceeding the disposable portion," in the sense of that Article of the Napoleon Code which corresponds to our Article 1486.

It is, therefore, ordered and decreed, that the judgment heretofore rendered in this cause be set aside, and that the judgment of the District Court be affirmed, with costs.