EROYOSTX, J.
The decedent by his testament gave to his second wife and surviving widow the usufruct of his entire estate, and to his six children, issue of his first marriage, the naked ownership. The children ask that the bequest to their stepmother be reduced to the usufruct of one-third of the estate, in conformity with article 1752 of the Code, which, as amended by Act 14, p. 10, of 18S2, reads:
“A man or woman, who contracts a second or subsequent marriage, having children by a former one, can give to his wife, or she to her husband, either by donation or by last will and testament, in full property, or in usufruct, not exceeding one-third of his or her property.”
The widow contends that the case is governed by article 1499 of the Code, which reads:
“If the disposition made by donation inter vivos or mortis causa be of a usufruct, or of an annuity, the value of which exceeds the disposable portion, the forced heirs have the option either to execute the disposition or to abandon to the donee the ownership of such portion of the estate as the donor had a right to dispose of.”
These articles come verbatim from the Code Napoleon, where the latter bears No. 917, and is found, as in our Code, under the rubric, “Of the Disposable Portion,” and also, as in our Code, it is a companion article to an article (913 in C. N.; 1493 in ours) which regulates the disposable portion in general, or as between persons in general, and which reads:
“Donations inter vivos or mortis causa cannot exceed two-thirds of the property of the disposer, if he leaves, at his decease, a legitimate child; one-half, if he leaves,two children; and one-third, if he leaves three or a greater number.”
This article, in fixing the disposable quota, speaks of full ownership only, saying nothing of usufruct or annuity, so that it furnishes no rule or means for determining whether the disposable quota has been exceeded or not when the bequest consists not of the full ownership, but of the usufruct only, or of an annuity; and therefore, if this article stood alone, the question of excess vel non in the case of a donation of usufruct or annuity would have to be determined by means of an estimation of the value of the usufruct or annuity as compared with that of the full ownership. Usufruct ends with the life of the usufructuary; hence, in making such an estimation, the age, the constitution, the sex, the health, and incidentally the past life and habits and present life and habits, of the usufructuary or annuitant, would have to be taken into consideration. How unreliable, unsatisfactory, and disagreeably inquisitorial would be an estimation based upon elements so personal and difficult of appreciation as these it is easy to understand; and it is therefore easy to understand how the advisability of providing some rule for avoiding the necessity of having recourse to such an estimation would at once suggest itself. Out of that necessity was born said article 1499, which provides such a rule.
But differently from said article 1493, which fixes the disposable quota as between persons in general, article 1752, which fixes the disposable puota as between spouses, does within itself, by its own text, furnish a rule, or the means, for determining whether the disposable portion has been exceeded in the case of a bequest of usufruct; hence an estimation such as that which would have been necessary for the practical operation of article 1493 would not be necessary for the practical operation of article 1752; and, *951 as a consequence, the rule provided by article 1499 ior supplementing article 1493 could, not have been designed to operate in connection with article 1752. In connection with article 1752, there was no necessity or reason for it. “Ratione cessante, cessat ipsa lex.”
[1, 2] The learned counsel for the widow would interpret this article 1752 as reading that a usufruct may be given equal in value to one-third of the estate in full ownership. But the proper reading evidently is that one-third may be given, and that this third may be given either in full ownership or in usufruct. It can be given in no other form; not in the form of an annuity. As originally adopted, the article (Oiv. Code 1808, art. 226) read:
“A man who contracts a second or subsequent marriage, having children by a former one, can give to his wife, or she to her husband, only the least child’s portion, and that only as a usufruct; and in no case shall the portion, of which the donee is to have the usufruct, exceed the fifth part of the donor’s estate.”
The least child’s portion, not to exceed one-fifth of the estate, may be given, and in usufruct only. In its amended form, as hereinabove transcribed, the article is not quite so explicit as this; but nevertheless it is explicit enough.
In like manner article 1094 of the Code Napoléon fixes the quota that may be given in usufruct and the quota that may be given in full ownership. It reads:
“One of the married couple may, either by marriage contract or during the marriage, in case of his or her leaving no children nor legitimate descendants, give to the other in full property, all that he or she might give to a stranger.
“And in case the donor leaves children or legitimate descendants, he can give to the other spouse either a fourth part in full property and a fourth in usufruct, or one-half of all his property in usufruct only.”
[3] Under this article the same question precisely arose in France which is presented in this case, namely, whether the children are limited to the option provided for in article 1499 (917, C. N.), or may require the usufruct to be reduced to the quota specified in the article fixing the disposable quota as between spouses; and every word that is found in the decisions of the French courts and in the' books of the French commentators on that question is applicable here.
From Troplong, Com. on article 1094, Nos. 2569-2571, we translate, as follows:
“May the spouse to whom the usufruct of the entire estate has been given, but to whom only the usufruct of one-half could be given, require that the amount by which the bequest is reduced be made good to him out of the full ownership? Not getting all that his spouse wanted to give him shall he at any rate receive all that which his spouse might have given him under another form? The testatrix might have given more than the usufruct of the half, since the law allowed her to give that much in full ownership plus one-fourth in usufruct only. Now, she has shown that she desired to give more than the usufruct of one-half of the estate, for she bequeathed the usufruct of the whole. Would it not then be to frustrate her will, would it not be to fail to carry out her intention, if the bequest to her spouse were reduced to simply the usufruct of one-half? Should not the spouse be allowed an indemnity in full ownership, keeping, however, within the limits fixed by the article? In other words, would not the legatee or donee of the usufruct of the whole be well founded in asking that the donation be changed into one of one-fourth in full ownership and one-fourth in usufruct?”
The author goes on to give reasons why this cannot be done, and proceeds:
“It is true that according to article 917 of the Code Napoléon [La. C. C. 1499],- when a usufruct or annuity has been donated or bequeathed the value of which exceeds the disposable portion, the forced heirs have the option either to execute the disposition or to abandon to the donee such portion of the estate as the donor had a right to dispose of. But this is a disposition which is exceptional, which could not be extended to the case with which we are now dealing.
“Article 917 [La. C. C. 1499] adapts itself to the ordinary disposable portion. In that system the maximum that may be disposed of the usufruct is not determined. In order to know, then, whether the donation exceeds the disposable portion the usufruct would have, in strict right, to be estimated according to a value in full ownership. The legislator has desired to avoid this costly and uncertain estimation, and consequently has left the forced heirs free to carry out the donation or legacy in full, or to abandon in full ownership the disposable portion. *953 In the system of the disposable portion as between spouses the whole situation is different. The measure in which the liberality in usufruct has to be reduced is fixed by the law; it is the half in usufruct. Hence the difficulty which article 917 [our article 1499] is designed to obviate is not met with here. The reduction goes of. itself; it makes necessary neither an estimation, nor an option.”
From Fuzier-Hermeu, Rep. De Droit Francais, Vo. Donations, No. 2897, we translate, as follows: '
“According to the generally accepted opinion, article 917 is not applicable to liberalities in usufruct, which, if exceeding one-half, have simply to be reduced to one-half in usufruct. Article 917 is an exceptional disposition, since it allows the heirs to convert into a disposition of full ownership a disposition of 'usufruct; it cannot then be extended beyond the case which it provides for, that is to say, to that where the disposable quota is fixed by the law in full ownership, and when the disposition in usufruct exceeds the quota disposable in full ownership. Now, in the case in question, the disposable quota is fixed by the law in usufruct either of the whole or of a part, and the disposition in usufruct exceeds the disposable quota in usufruct. Objection is made that the donee does not receive the entire disposable quota by receiving the usufruct of one-half, since he could receive in addition the naked ownership of a foui'th; but wrongly, for the donor has desired to dispose in usufruct only, and he in usufruct could give only the half of his succession. The history of the adoption of these articles 917 and 1094 [La. Code, 1499 and 1746, the latter before amendment] come in support of the view here expressed. In the projet the articles 16 and 17, under the title ‘Donations,’ fixed the ordinary disposable quota both in full ownership and in usufruct, and, in consequence the pro-jet could not, and did not, contain any disposition like article 917. And, in like manner, article 151, relative to donations between spouses, fixed a disposable portion both in full ownership and in usufruct. Article 151 became article 1094; on the contrary, the articles 913 and 914 [our articles 1493 and 1494], C. C.,_ have modified the articles 16 and 17 of the projet by fixing the disposable quota only in full ownership. It is because of this change, and in order to avoid difficult and expensive valuations of the usufruct, that it was deemed necessary to add article 917. It is seen that in the mind of the legislator article 917 is useful only in connection with a disposable quota established solely in full ownership. Hence it follows that in the case of an excessive donation in usufruct the heirs may require that this disposition be reduced to a half in usufruct, and are not bound to abandon to the spouse the whole of the usufruct which has been bequeathed, or else a fourth in full ownership and a fourth in usufruct.”
Under this paragraph, and as supporting it, two decisions of the Court of Cassation are cited, and eighteen decisions of as many-different Supreme Courts, and some twenty commentators, among whom we note Marcadé, Laurent, Baudry-Lacantinerie, Aubry et Rau, and others whose works are frequently cited by this court as furnishing safe guides in interpretation.
The inapplicability of article 1499 to donations between spouses was not brought to the attention of the court in Clarkson v. Clarkson, 13 La. Ann. 422, and was not considered. Moreover, there were two donations in that case, one of which was not between spouses, but involved the ordinary disposable quota, and therefore came clearly under said article 1499.
The judgment reducing the bequest to one-third of the estate in usufruct is affirmed.
O’NIELL, J., dissents.