144 So.2d 291 (1962)
Succession of Archibald Kenneth McLELLAN.
No. 77.
Court of Appeal of Louisiana, Fourth Circuit.
September 4, 1962.
*293 Wilbur D. Atkins, Baton Rouge, for defendant and appellant.
Lewis S. Doherty, III, Baton Rouge, for plaintiffs and appellees.
Before REGAN, HEARD and McCLENDON, JJ.
JESSE S. HEARD, Judge ad hoc.
Archibald Kenneth McLellan was married three times during his lifetime, first to Jo Ecker, who died in Shreveport, Louisiana about the year, 1927, of which marriage there was no issue. His second wife was Jewel Dean, from whom he was divorced in August, 1938. There were two children born of this marriage, namely, Nancy McLellan Claitor and Kenneth McLellan, the plaintiffs in this case. His third marriage was to Mrs. Mildred Johnson McLellan, and of this marriage there was one child born, namely, Mildred Ann McLellan, who is a minor, having been born April 12, 1953.
Archibald Kenneth McLellan died testate on August 17, 1956 in Jefferson Parish, Louisiana. His succession was opened and under the terms of his will, his surviving spouse, Mrs. Mildred Johnson McLellan, was appointed executrix. On September 4, 1957, judgment of possession was rendered and signed, recognizing Mrs. Mildred Johnson McLellan as surviving spouse in community and as such, owner in her own right of an undivided one-half interest in all the community property and with usufruct of his entire estate during her life. As provided by the terms of the will, she was also recognized as legatee of the disposable portion under universal title and as such, owner of an undivided 3/18 interest of all the property left by the decedent. Mrs. Nancy McLellan Claitor, Kenneth McLellan and Mildred Ann McLellan were recognized as the sole and only forced heirs and surviving children of the decedent and as such, sent into possession of an undivided 2/18 interest each of all the property left by the decedent, subject to the usufruct in favor of Mrs. Mildred Johnson McLellan.
The portions of the will pertinent to this suit read as follows:
"I will, devise and bequeath unto my beloved wife, Mildred J. McLellan, born Johnson, the usufruct during her natural life of all the property I may die possessed.
"I give and bequeath unto my said wife, Mildred J. McLellan, the disposable portion of all the property, real and personal, movable and immovable, mixed or otherwise, of which I may die possessed, and to that end, I constitute my said wife, Mildred J. McLellan, my universal heir and legatee."
On March 24, 1958 and subsequent to the rendition of the judgment of possession, Mrs. Nancy McLellan Claitor and Kenneth McLellan filed this suit for a reduction of those portions of the will set forth herein to the extent that it infringes upon the legitime of the plaintiffs. The prayer of the petitioners is for a reduction of the donation mortis causa by the deceased as to the disposable portion and declaring the petitioners to be owners of an undivided 2/18 interest of all the property without being encumbered by a usufruct in favor of Mrs. Mildred Johnson McLellan.
To this suit Exceptions of No Cause and No Right of Action were filed by Mrs. Mildred Johnson McLellan, which Exceptions were overruled by the court.
The defendant then filed her answer generally admitting the allegations of the plaintiffs' *294 petition, but denying that the donation mortis causa was an infringement on the legitime of the forced heirs of the decedent and in her answer, reconvened, alleging that the plaintiffs are indebted unto the community, certain amounts for premiums on insurance policies and loans made on these policies. In her reconventional demand she further alleged that an automobile inventoried in the succession as community property was not community property but was the separate property of the defendant; that she was entitled to $500.00 attorney's fees for defending the suit, $100.00 for burial lot for decedent and $169.00 for an appropriate tombstone for the decedent's grave.
The lower court granted judgment denying the reconventional demand and recognizing plaintiffs as owners of the estate in the proportion of an undivided 2/18 interest each, without being encumbered by the usufruct.
On trial of the case the plaintiffs introduced in evidence the succession proceedings and rested. The defendant introduced evidence to sustain her allegations set forth in the reconventional demand. This testimony was strenuously objected to by plaintiffs' counsel on the ground that the indebtedness was not set forth in the succession proceedings; that the automobile was inventoried by the defendant herein as community property and that she is now estopped to say that it is her separate property.
The issues presented are: Does the disposition to the surviving spouse of the disposable portion and the usufruct on that portion made in the last will and testament of the decedent exceed the disposable portion allowed by law, and therefore, infringe on the legitime of the plaintiffs who are forced heirs and children of a previous marriage? May the defendant herein in her reconventional demand set forth items due the community inconsistent with the inventory of the Succession?
Article 1504, LSA-C.C. states:
"On the death of the donor or testator, the reduction of the donation, whether inter vivos or mortis causa, can be sued for only by forced heirs, or by their heirs or assigns; neither the donees, legatees, nor creditors of the deceased can require that reduction nor avail themselves of it."
The defendant contends that the plaintiffs must attack the judgment of possession and not the will.
In the Succession of Dancie, 191 La. 518, 186 So. 14, the court stated:
"It is not the possession of the property which gives rise to the action to reduce. Such action is grounded upon the proposition that the legitime of the forced heir has been encroached upon or impaired by the testamentary disposition. A suit to reduce is one to set aside a will to the extent that the disposition made therein exceeds the disposable portion. Whether the legitime has been impinged upon is made known, by the probate proceedings. It is the fact that the disposition exceeds the disposable quantum, and not the taking possession of the property bequeathed, which gives rise to the cause of action to reduce."
We feel that the above authorities are sufficient to justify these proceedings for reduction of the donation.
The defendant also contends that the filing of the suit to reduce the donation is an acceptance of the succession and the plaintiffs cannot accept the succession and at the same time attack it. To accept this view would take away from the plaintiffs the rights granted them by Article 1504, LSA-C.C., quoted above.
The defendant further argues that there is no infringement on the legitime of the plaintiffs by the disposition set forth in the will.
*295 Article 1752, LSA-C.C., provides:
"A man or woman who contracts a second or subsequent marriage, having a child or children by a former marriage, can give to his wife, or she to her husband, either by donation inter vivos or by last will and testament, in full property or in usufruct, all of that portion of his estate, or her estate, as the case may be, that he or she could legally give to a stranger."
In the Succession of Braswell, 142 La. 948, 77 So. 886, the decedent by his testament gave to his second wife and surviving widow the usufruct of his entire estate and to his six children, issue of his first marriage, the naked ownership. The children asked that the bequest to their stepmother be reduced to the usufruct of one-third of the estate in conformity with Article 1752 of the Civil Code. The Court held that the decedent could give in full property or in usufruct, but not both. Defense counsel argues that Article 1752 of the Civil Code has been amended since the decision of the Braswell case and, therefore, the case is not applicable. However, a reading of the Article clearly shows that the portion applicable to this case has not been changed.
Therefore, the defendant herein is entitled to the usufruct of the property or the disposable portion in naked ownership, but not both.
The plaintiffs contend that the defendant is estopped to reconvene for items inconsistent with the inventory of the succession or not included therein. The law is clear that in order to work an estoppel the words and conduct of the party to be estopped must be of such a nature as to cause a person to take a course that he otherwise would not have taken but for such words and conduct, must have been designed to injure the other by misleading him on some material point, and other person must have acted to his injury by reason of the words and conduct. (Porterie v. Gulf Mobile & Northern Railroad Co., 191 La. 163, 184 So. 711.
In the case of Succession of Butterworth, 195 La. 115, 196 So. 39, the Court stated:
"A plea of estoppel is not favored in law and should not be maintained except in clear cases."
We feel that the lower court was correct in permitting the introduction of the testimony on the reconventional demand.
In her reconventional demand, the defendant claims $1827.60 premiums paid on four policies of insurance by the community and the sum of $376.00 as a loan on these policies paid by the community. The evidence was clear that these sums were paid by the community and the separate estate of the decedent is indebted unto the community in these amounts. However, we feel that the plaintiffs would only owe their proportionate share of this amount which would be one-sixth (1/6) each of the whole amount.
The defendant in her reconventional demand claims $100.00 for a burial plot. The evidence was not clear that the community had expended this amount and the defendant has not borne the burden of proof on this item. This is also true as to the claim for a grave monument.
The defendant also reconvenes for the sum of $500.00 as attorney's fees for defending this suit, but in order for her to claim attorney's fees, it must be a charge relative to her function. LSA-C.C. Article 1682 provides:
"The expenses incurred by the executor for affixing the seals, for the inventory, for the accounts and the other charges relative to his functions, should be defrayed out of his succession."
We feel that attorney's fees should be disallowed.
Defendant also claims a Chevrolet automobile inventoried in the succession as *296 community property, to be her separate property. All property bought during the existence of the community is presumed by law to be community property unless the contrary is shown. (LSA-C.C. Article 2402; Succession of Tullier, La.App., 53 So.2d 455; Cameron v. Roivland, 215 La. 177, 40 So.2d 1; Succession of Hemmenway, 228 La. 572, 83 So.2d 377). The evidence introduced in this case to support the proposition that the automobile is separate property is the testimony of the defendant and the invoice of the sale of the automobile. We are of the opinion that this is not sufficient to overcome the presumption of the community.
Therefore, the judgment of the lower court is affirmed insofar as it sends the plaintiffs into possession of the estate of the decedent in the proportion of an undivided 2/18 interest each, without being encumbered by the usufruct of the defendant and amended insofar as the plaintiffs are charged with an undivided 1/6 interest each of the insurance premiums and loan, totaling the sum of $2203.60. The costs are to be equally divided between plaintiffs and defendant.
Amended and affirmed.