286 So.2d 793 (1973)
Succession of B. J. CHAUVIN, Sr.
No. 5907.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1973.
Rehearing Denied January 8, 1974.
Morris B. Phillips, New Orleans, for Mrs. Bernice Buwe, defendant in ruleappellant and appellee.
Jackson P. McNeely, New Orleans, for B. J. Chauvin, Jr., appellant and appellee.
Before GULOTTA and STOULIG, JJ., and BAILES, J. Pro Tem.
GULOTTA, Judge.
There are three issues presented on this appeal: (1) whether a donation mortis causa to a surviving spouse of a usufruct over the decedent's share of the community estate infringes upon the legitime when the *794 surviving spouse remarries, (2) if there is an infringement whether the forced heir must exercise an option to execute the disposition or to abandon the ownership to the donee of the disposable portion in accordance with the provisions of LSA-C.C. art. 1499,[1] or to reduce that part of the usufruct which infringes on the legitime, LSA-C.C. art. 1502,[2] and (3) whether the surviving spouse is required to furnish security.
Testator, B. J. Chauvin, is survived by his spouse and his only child, B. J. Chauvin, Jr. Chauvin left an estate consisting entirely of community property and a last will and testament which provided:
"I leave all I die possessed of to my son, Bernard J. Chauvin, Jr., subject to the usufruct thereon which I leave to my loving wife, Bernice."
The widow, Mrs. Bernice Chauvin, by judgment of possession was placed in possession of her undivided one-half interest in the community property. She was further recognized as the usufructuary of the decedent's one-half interest in the community. B. J. Chauvin, Jr., was recognized as the naked owner of one-half of the community estate which represented decedent's interest therein and over which the widow had a usufruct.
On June 12, 1969, the surviving spouse remarried. B. J. Chauvin, Jr., filed a rule to show cause why the usufruct should not be terminated in accordance with LSA-C. C. art. 916.[3] The surviving spouse filed an exception of no cause of action which was maintained by the trial court.
The forced heir appealed to this court and obtained a reversal of the trial court's decision. The effect of our decision was that the usufruct was not terminated over the disposable portion but was terminated over the forced portion by remarriage. The case was remanded for introduction of evidence to determine whether the legitime was infringed upon. See Succession of Chauvin, 242 So.2d 340 (La.App. 4th Cir. 1970).
Both parties applied for writs to the Supreme Court of Louisiana. The Supreme Court denied the application of the forced heir but granted that of the surviving spouse. In its opinion, the Supreme Court stated the usufruct ceased when the survivor remarried and the Court of Appeal was in error when it concluded the usufruct terminated only over the child's forced portion upon remarriage by the surviving spouse. The Supreme Court further stated[4] that the will merely confirmed the legal usufruct of LSA-C.C. art. 916 and that the usufruct was, therefore, terminated by remarriage as provided for in Article 916. However, because the application for writs by the forced heir was denied, the relief requested by the forced heir could not be granted (i. e., termination of the usufruct in its entirety). The Court of Appeal judgment was, therefore, affirmed.
On remand, the trial judge concluded the legitime was infringed upon. He then reduced the usufruct by removing it from the *795 legitime. The widow's usufruct remained over two-thirds of the testator's community interest, and the forced heir was placed in possession as full owner of the forced portion. The spouse, as usufructuary, was not required to furnish security.
Both parties appeal.
I. Infringement upon the Legitime
The surviving spouse contends that even though the forced portion is burdened with the usufruct, if the value of the naked ownership so burdened is not less than one-third of the value of the decedent's estate, there is no infringement upon the legitime. She supports her argument with LSA-R.S. 47-2405, which authorizes the fixing of the value of a usufruct by use of the American Experience Tables of Mortality. This table shows that the value of the usufruct in the instant case is 58.49 percent of decedent's estate. Thus, the value of the naked ownership is 41.51 percent of the estate which is in excess of the forced portion (one-third of the decedent's estate). There is, therefore, no infringement upon the legitime, according to the surviving spouse.
On the other hand, it is the contention of the forced heir that the bequest of a lifetime usufruct to the surviving spouse over the entire estate is an excessive donation. He claims that he is entitled to his legitime in full and complete ownership unencumbered by a usufruct. The trial court so concluded, and we agree in this case.
Deprivation of the fruits of property is an infringement on the ownership of that property. LSA-C.C. art. 1710 clearly enunciates the principle that a forced heir is entitled to his legitime in full ownership, unencumbered by any charges or conditions placed thereon by the testator.[5] The jurisprudence of this state has consistently recognized this principle. Clarkson v. Clarkson, 13 La.Ann. 422; Succession of Williams, 184 So.2d 70 (La. App.4th Cir. 1966); Succession of Young, 205 So.2d 791 (La.App.1st Cir. 1967); Succession of Ramp, 205 So.2d 86 (La. App.4th Cir. 1967). LSA-C.C. art. 916 is an exception to the general rule in that it permits the legitime of children born of the marriage to be burdened with a usufruct in favor of a surviving spouse on community property and is terminated by remarriage. However, the usufruct in the instant case, as we held in our initial decision and as affirmed by the Supreme Court, did not terminate upon remarriage.[6] It, therefore, does not fall within the exception recognized in LSA-C.C. art. 916. The forced portion burdened with the usufruct is, therefore, infringed upon.
II. Method of Reduction
We are next faced with the method of reduction.
The surviving spouse contends, as stated above, that there is no infringement upon the legitime; alternatively, she claims that if there is an infringement, then LSA-C.C. art. 1499[7] is applicable, and the forced heir must choose between accepting the testament as is or abandoning the naked *796 ownership of the disposable portion to the usufructuary.
The forced heir argues that in order for Article 1499 to apply, the value of the usufruct must exceed the value of the disposable portion. He suggests that by using the figures supplied by the spouse, the value of his bequest is 41.51 percent and the value of the usufruct is 59.49 percent of the estate. Thus, the value of the usufruct does not exceed the value of the disposable portion (two-thirds) and Article 1499 is not applicable. He further reasons that LSA-C.C. art. 1502[8] of necessity becomes applicable; and the infringement is reduced by removing the usufruct, leaving the forced portion unencumbered and thereby satisfying the requirements of Article 1710. The trial judge accepted this method and reduced the usufruct.
We agree with this result in this case because of our holding in the matter when it was before us on the prior occasion. In view of our decision then, any discussion of the application of LSA-C.C. art. 1499 as distinguished from the application of LSA-C.C. art. 1502 in the instant case is purely academic.
We clearly held that if there was an infringement upon the legitime, the usufruct would be reduced to the extent that it so infringed.[9]
On page 343 of our decision, we stated:
"While we find the usufruct left by the testament in the instant case was not terminated in its entirety by the second marriage of the usufructuary, nonetheless we are of the opinion it cannot burden the one-third legitime due the forced heir * * * And in so doing, we conclude she is compelled to forfeit that portion of the usufruct, if only, which infringes on her son's legitime." (emphasis ours)
Further quoting from the same page, we also stated:

"Having determined the usufruct of the decedent's widow should be reduced to the extent that it infringes on the legitime, we must still resolve her right to claim the proceeds if that part of the optional share savings account over which her usufruct remains." (emphasis ours)
We remanded to the trial court for proceedings consistent with the views expressed by this court. That decision became res judicata when it was subsequently affirmed by the Supreme Court.[10]
The issue was disposed of then and is not before us now. Accordingly, in the instant case, we agree with the reduction of the usufruct to the extent that it infringes on the legitime.
III. Security
LSA-C.C. art. 558 imposes upon a usufructuary the obligation of furnishing security to insure that he will use the thing subject to the usufruct as a prudent administrator.[11] LSA-C.C. art. 560[12] provides an exception to Article 558 in that a parent having the legal usufruct of property owned by his children is not required to furnish security.
Since we have determined that this is not a legal usufruct, the surviving *797 spouse must furnish security to the extent that it remains in effect over the disposable portion.
To dispense with security in this case would be to allow the spouse the best of both worlds. The usufruct would remain in effect despite remarriage, and yet she would not be required to post bond. This would be an improper and unfair result. The trial judge, therefore, erred when he did not require the surviving spouse to post security.
Accordingly, the judgment of the trial court is affirmed insofar as it reduced the usufruct by removing it from the forced portion; it is reversed insofar as it did not require the surviving spouse to furnish security to the extent that it remains in effect on the disposable portion. This matter is remanded for the purpose of having security furnished by the surviving spouse consistent with the views expressed herein.[13] Costs of this appeal to be paid by the surviving spouse, Mrs. Bernice Chauvin Aronson.
Affirmed in part, reversed in part, and remanded.
NOTES
[1] LSA-C.C. art. 1499 reads:

"If the disposition made by donation inter vivos or mortis causa, be of a usufruct, or of an annuity, the value of which exceeds the disposable portion, the forced heirs have the option, either to execute the disposition or to abandon to the donee the ownership of such portion of the estate as the donor had a right to dispose of."
[2] LSA-C.C. art. 1502 reads:

"Any disposal of property, whether inter vivos or mortis causa, exceeding the quantum of which a person may legally dispose to the prejudice of the forced heirs, is not null, but only reducible to that quantum."
[3] LSA-C.C. art. 916 reads:

"In all cases, when the predeceased husband or wife shall have left issue of the marriage with the survivor, and shall not have disposed by last will and testament, of his or her share in the community property, the survivor shall hold a [in] usufruct, during his or her natural life, so much of the share of the deceased in such community property as may be inherited by such issue. This usufruct shall cease, however, whenever the survivor shall enter into a second marriage."
[4] Succession of Chauvin, 260 La. 828, 257 So.2d 422 (1972).
[5] LSA-C.C. art. 1710 reads:

"The same causes which, according to the foregoing provisions of the present title, authorize an action for the revocation of a donation inter vivos, are sufficient to ground an action of revocation of testamentary dispositions; provided, however, that no charges or conditions can be imposed by the testator on the legitimate portion of forced heirs, nor can they lose their inheritance for any act of ingratitude to the testator, prior to his decease. That he has not disinherited them shall be sufficient evidence of his having forgiven the offense."
[6] Succession of Chauvin, 242 So.2d 340 (La. App.4th Cir. 1970); For citation of Supreme Court decision, see footnote 4.
[7] LSA-C.C. art. 1499 reads:

"If the disposition made by donation inter vivos or mortis causa, be of a usufruct, or of an annuity, the value of which exceeds the disposable portion, the forced heirs have the option, either to execute the disposition or to abandon to the donee the ownership of such portion of the estate as the donor had a right to dispose of."
[8] LSA-C.C. art. 1502 reads:

"Any disposal of property, whether inter vivos or mortis causa, exceeding the quantum of which a person may legally dispose to the prejudice of the forced heirs, is not null, but only reducible to that quantum."
[9] Succession of Chauvin, 242 So.2d 340 (La. App.4th Cir. 1970).
[10] For Court of Appeal citation, see footnote 6. For Supreme Court citation, see footnote 4.
[11] LSA-C.C. art. 558 reads:

"The usufructuary must give security that he will use, as a prudent administrator would do, the movables and immovables subject to the usufruct, and that he will faithfully fulfill all the obligations imposed on him by law, and by the title under which his usufruct is established."
[12] LSA-C.C. art. 560 reads:

"Neither the father nor mother, having the legal usufruct of the estate of their children, nor the seller, nor the donor, under the reservation of the usufruct, is required to give this security."
[13] See LSA-C.C. art. 559.