No. 2796

Second Circuit

———

ARIAN v. WENZEL

———

(March 27, 1928.   Opinion and Decree.)
(May 22, 1928.   Rehearing Refused.)

———

(*Syllabus by the Court*)

1.  **Louisiana Digest—Evidence—Par. 58, 59;
    Bills and Notes—Par. 222.**
Where the defense to a suit on a promissory note is that the payee agreed that it only should be paid out of the revenues derived from an oil well drilled or to be drilled, the burden is on the defendant to establish the defense.

   Wade vs. Henry, 3 La. App. 190.

Appeal from the First Judicial District Court, Parish of Caddo.   Hon. F. X. Ransdell, Judge.

Action by John B. Arian against Victor Wenzel.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Arthur A. LeRosen, of Shreveport, attorney for plaintiff, appellee.

Harry V. Booth, of Shreveport, attorney for defendant, appellant.

### STATEMENT OF THE CASE.

REYNOLDS, J.   This is a suit on two promissory notes signed by defendant, both dated March 28, 1922, both drawn payable to the order of plaintiff, one for $1000.00, due six months after its date, and the other for $100.00 due six months after its date, both bearing interest at the rate of 8% per annum, the former from September 27, 1921, and the latter from December 5, 1921.

Defendant denied liability, and alleged that defendant was engaged in drilling a well for oil on property in which plaintiff owned an undivided interest and that it was agreed between him and plaintiff that in case the well should turn out to be a producing well the notes should be paid, otherwise they should be returned to him, defendant.

On these issues the case was tried and there was judgment for plaintiff as prayed for and defendant appealed.

### OPINION.

Defendant having admitted the execution and delivery of the notes and the notes being filed in evidence, plaintiff's case was made out and to defeat recovery it devolved upon defendant to prove his defense.

Defendant testified that it was agreed between himself and plaintiff that in event a well that he was then drilling on land in which plaintiff was interested should not produce oil in paying quantities he should not be required to pay the notes and that they would be returned to him, and that the well did not produce oil in paying quantities.

Plaintiff testified that there was not any such agreements and that the notes were given by defendant unconditionally.   In this plaintiff is corroborated by the testimony of Theo. Mix, Otto Hauser, and Ed. Beier.

The burden was on defendant to establish his defense by a preponderance of the evidence.   He has failed to discharge that burden.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.