We therefore hold that the will of Mrs. Baker is valid.

■ ■ Annie Baker, being the legally adopted daughter of the testatrix, is a forced heir and therefore is entitled to one-third of the succession, under Article 1493 of the Revised Civil Code, which provides that donations inter vivos or mortis causa cannot exceed two-thirds of the property of the disposer if he leaves at his death a legitimate child. The adoption of Annie Baker conferred upon her the status of a legal child so far as inheritance is concerned.

■ Under the ruling in Succession of Wilcox, 165 La. 803, 116 So. 192, and Succession of Maus, 177 La. 822, 149 So. 466, Evelyn B. Kern and George D. Marshall were conjoint legatees, and, as George D. Marshall died prior to the date of the death of the testatrix, the bequest to him lapsed, under Article 1697 of the Civil Code, and goes to Miss Kern, the other legatee.

For the reasons assigned, the judgment decreeing the last will and testament of Mrs. Emma Blossom, widow of William M. Baker, null and void, is reversed, and it is decreed that the will is valid. It is further decreed that Annie Baker, the adopted daughter of the testatrix, is entitled to one-third of the succession and that Evelyn B. Kern is entitled to the naked ownership of the remaining two-thirds; appellee to pay costs.

194 So. 577

## SUCCESSION OF GIORDANO.

### No. 35279.

Feb. 5, 1940.

Rehearing Denied March 4, 1940.

I. E. Uzzo and M. C. Scharff, both of New Orleans, for plaintiff and appellant.

F. A. Middleton and Theodore Cotonio, both of New Orleans, for defendants and appellees.

PONDER, Justice.

Gaetano Cilluffo, the plaintiff, instituted this suit against Albert Quenqui, the husband of plaintiff's deceased mother, Vincenzia Giordano, and four others seeking among other things to be declared and recognized the acknowledged child of his father, Nicholas Cilluffo, and his deceased mother, Vincenzia Giordano. The only issue considered and passed on by the lower court was whether or not the plaintiff was the acknowledged child of his father and his deceased mother. After the plaintiff introduced evidence to the effect that his father and mother had always acknowledged him as their son and that his mother had reared him as such, the defendants admitted the plaintiff had been so acknowledged by his father and mother. After this admission was made the defendants then tendered witnesses to prove the plaintiff's mother married Salvadore de Paulo at Dallas, Texas, prior to her cohabitation with plaintiff's father and at the time of the cohabitation, between plaintiff's father and mother, Salvadore de Paulo was living and not divorced from plaintiff's mother. The introduction of this evidence was objected to by the plaintiff on the ground that the defendants' answer contained no such allegation. The lower court ruled such allegation was not necessary and admitted the testimony. At the completion of the trial, the lower court arrived at the conclusion that the plaintiff was an adulterous bastard and dismissed plaintiff's suit. The plaintiff has appealed.

 Counsel for the plaintiff takes the position that the defendants have raised an affirmative defense and that such a defense must be specially pleaded. Counsel contends that since the defendants did not allege the marriage in their answer the testimony of the witnesses to prove the marriage is inadmissible.

We will only recite the pleadings pertinent to this issue. Articles 1 and 2 of the plaintiff's petition read:

"1.—That his mother, Vincenzia Giordano, wife of Albert Quenqui, died intestate, at her domicile in the City of New Orleans, on the 14th day of July, 1931.

"2.—That your petitioner was born of a relation in cohabitation between his said mother and petitioner's father, Nicholas Cilluffo; that petitioner's said father and mother were never married; that petitioner was acknowledged by his mother, who reared him as her son during her life; that petitioner's father acknowledged him, by recognizing petitioner as his son, and does so acknowledge him at this time."

Articles 1 and 2 of the defendants' answer read:

"1.—Answering paragraph one of the petition of said Gaetano Cilluffo, defendant admits that Vincenzia Giordano died in the City of New Orleans on July 14, 1931, but for want of sufficient information to justify a belief, defendant denies that the deceased was the mother of said Gaetano Cilluffo.

"2.—Answering paragraph two of plaintiff's petition, defendant for want of sufficient information to justify a belief, denies allegations in said paragraph contained."

From a reading of the pleadings bearing on this issue it is readily seen the questions raised are: (1) Is the plaintiff the son of Vincenzia Giordano, deceased?. (2) Did Nicholas Cilluffo and Vincenzia Giordano acknowledge the plaintiff to be their son? When the defendants admitted the plaintiff was the acknowledged son of his father and deceased mother, it practically disposed of the issues raised by the pleadings. The defendants' answer only denied that the plaintiff was the son of Vincenzia Giordano, deceased, and that he had been acknowledged by Nicholas Cilluffo and Vincenzia Giordano to be their son. To permit the proof of the marriage in the absence of an allegation in the answer to that effect would place the plaintiff at a serious disadvantage and deny him the opportunity of securing evidence to refute it. The purpose of the pleading act is to advise parties litigant of the issues in order that they might have an opportunity to present evidence supporting their contentions. It also prevents a party litigant from springing surprises and catching an opponent at a disadvantage. The defense interposed herein is an affirmative one. The burden of establishing a marriage rests on those who claim by virtue of it. Succession of Young, 166 La. 285, 117 So. 150. An affirmative defense must be specially pleaded in the answer. Duty v. Fowler Commission, La.App., 146 So. 336; Middleton v. Humble, La.App., 154 So. 400; Arian v. Wenzel, 8 La.App. 519; Beuchner v. City of New Orleans, 112 La. 599, 36 So. 603, 66 L.R.A. 334, 104 Am.St. Rep. 455.

The testimony adduced to prove the marriage in this case consists principally of statements made by the plaintiff's deceased mother and statements made by plaintiff's deceased maternal grandmother. The defendant, Albert Quenqui, who lived

with the plaintiff's mother a number of years before and after his marriage to her was present in court and did not take the stand. No effort was made to ascertain whether or not there was any record of the marriage at Dallas, Texas. No testimony was offered of any one claiming to have been present at the marriage. The testimony as to the marriage and the date of the marriage is inconsistent and very conflicting. It is not necessary for us to review this testimony because we have concluded that it was not admissible. We merely give a brief resume of the testimony to show what a serious disadvantage the plaintiff was placed in by the failure of the defendants to put the plaintiff on his guard by their pleadings in order that he might have an opportunity to secure evidence to disprove the marriage. Were the testimony admissible it is doubtful whether it is of the nature and character essential to prove the marriage. However that might be, we have arrived at the conclusion that in the absence of an allegation of such marriage the evidence is inadmissible.

For the reasons assigned, the judgment is reversed and set aside, the plaintiff's suit is reinstated, and there is now judgment in favor of the plaintiff and against the defendants decreeing the plaintiff, Gaetano Cilluffo, to be the acknowledged child of Nicholas Cilluffo and Vincenzia Giordano, deceased wife of Albert Quenqui. The case is remanded to the lower court to be proceeded with according to law. All costs to await final disposition.