BOLIN, Judge.
This is a suit brought by Fannie Bailey Brown, the divorced wife of Tobe Brown, for a partition of Lot Eighteen (18), Block “C”, Pine Grove Addition to the City of Shreveport, Louisiana, with all buildings and improvements thereon. The plaintiff had previously obtained a divorce from the defendant and the property in question here was alleged to have been acquired by Tobe Brown during the existence of community of acquets and gains which formerly existed between them. In the partition proceeding, Fannie Bailey Brown alleged that she was unwilling to remain as owner in indivisión of the property with the defendant and that since the property was indivisible in kind that it was necessary that the property be sold to effect a partition.
In due course, the defendant answered the suit, therein admitting such allegations as were self evident from the records and resisted the partition by affirmatively alleging that Tobe Brown was previously married to one Melindy Nelson in Shreveport, Louisiana, during the year of 1917. He further answered that Fannie Bailey Brown knew of the said marriage of Tobe Brown and'Melindy Nelson before she, i. e., Fannie Bailey Brown, married Tobe Brown.
Immediately upon the conclusion of the taking of testimony, the trial judge rendered a judgment for the plaintiff as prayed for and ordered the property to be sold to effect a partition.
The trial judge found, among other things, that the prior marriage had not been established to his satisfaction. Therefore, this case presents to us purely a factual matter.
The defense interposed herein is an affirmative one. Therefore, the burden of establishing a prior marriage was clearly the duty of the party urging it (Succession of Giordano, 194 La. 648, 194 So. 577).
Defendant, relying on the defense of a prior marriage, did not produce any record of such marriage, nor even an application for a marriage license. He could not even furnish the name of the preacher who had married them. The testimony that was introduced as to the alleged marriage was indefinite and inconclusive. The witnesses to the marriage could only vaguely remember the ceremony and accompanying circumstances.
The evidence tending to prove a marriage must be consistent and cogent; further that the person testifying must be a reliable person and testimony must.be of a substantial nature and convincing character. Johnson v. Hogan, La.App., 171 So. 467.
As to the necessity ,of producing the marriage record, it was stated in Brown v. Texas & Pacific Railway Co., 18 La.App. 656, 138 So. 221, 223,:
“ * * * it is to be presumed that she would have produced such a copy, if the original had been recorded, as it is also to be presumed that an original act would have been executed and recorded, if the marriage had ever taken place.”
The defendant must have considered himself married to the plaintiff, because a credit *780 deed was introduced m evidence wherein he referred to the plaintiff as his wife. Tobe Brown also instituted against Fannie Brown divorce proceedings wherein it was naturally alleged that they were married. All of this evidence is of record and copies were introduced during the trial and made a part of this transcript on appeal.
2n other words, all of the documents and 'records in this case negate a previous marriage rather than establish one. We are, therefore, of the opinion that the trial judge correctly resolved the factual matters in finding that the defendant did not sustain the burden of proof as to a prior marriage. Having decided the case on this point, it is not necessary to discuss the additional issues presented.
It is, therefore, ordered that the judgment of the court below be affirmed, at appellant’s cost.