YARRUT, Judge.
This suit was brought by the Appellee as Tutrix, and on behalf of, her minor daughter, Ella Bourgeois, to annul and vacate a judgment recognizing as the sole and only heirs of decedent, Stephen Isidore Leduc, his five children by his former marriage with Delvinia Maisonville, from whom he was divorced 35 years before; and to have the minor recognized as an heir (granddaughter) of deceased, and entitled to one-half of his estate. The five children of the former marriage are the Defendants-Appellants herein.
In her petition to annul, Plaintiff-Appel-lee alleges that the minor is the only issue of her marriage to her late husband, Stanley Bourgeois, who died on May 16, 1949; that the mother of Stanley Bourgeois was Sarah Bourgeois, then wife of Justlin Bourgeois, since married to Stephen Isidore Leduc.
From the judgment recognizing the minor as an heir of decedent and sending her into possession of his estate jointly with Defendants-Appellants, one-half to the minor and the other one-half to Defendants-Appellants, the latter have appealed.
Defendants-Appellants deny their father ever married Sarah Bourgeois; and, alternatively, if they did contract marriage, it was illegal because Sarah Bourgeois was not divorced from her first husband, Just-lin Bourgeois.
The issue before the Court is whether or not Sarah Bourgeois, the paternal grandmother of the minor, was married to decedent, Stephen Isidore Leduc. If so, then the minor, as the sole surviving heir of her grandmother, inherits her estate, or an undivided one-half of the property involved here.
Plaintiff-Appellee’s evidence establishes: (1) that Leduc and Sarah openly lived together as man and wife at least from 1924 until her death in 1941; that he took care of her when she had a nervous breakdown; that she died in his home; and that the death certificate states she is the wife of Stephen I. Leduc; (2) that Leduc buried Sarah in his cemetery plot, identi *583 fied by a tombstone with the inscription “Sarah Bourgeois Leduc;” and (3) that during Sarah’s lifetime, when Leduc acquired the real estate involved here, he stated under oath in both notarial acts of purchase that he was married to Sarah Bourgeois, fixing the date of the marriage as “approximately 12 years ago.”
Defendants-Appellants’ evidence that the minor’s grandmother never married Le-duc, consists of the following: (1) that in several acts of sale executed after Sarah’s death the decedent recited that he was not married to her; (2) that decedent made verbal statements to his daughters, after Sarah’s death, that he had never married Sarah; and (3) that deceased allegedly made verbal statements to Newell Jones that he had never married Sarah, when Leduc and Jones were drunk together.
Concerning the posthumous declarations of decedent, the Supreme Court in Blasini v. Succession of Blasini, 30 La.Ann. 1388, and in Cameron v. Rowland, 208 La. 663, 23 So.2d 283, commented as follows:
“ ‘The defendants’ evidence tended to show that the deceased had stated on several occasions that he had not married Isabella; that there was an impediment to their marriage because she was a person of color * * *.
“ ‘ “The law will not tolerate the presumption that a man and a woman who live together, publicly, as husband and wife, are really living in concubinage in violation of the law and of public decency.
“ “Tf a man or woman so circumstanced, to gratify some whim or caprice, or to accomplish some settled purpose, should deny the reputed marriage, a moral estoppel would intervene, and forbid the falsifying of their acts and conduct by such denial.” ’ ”
A marital status given by a man when he acquires property that he is married, is a declaration against interest, as the acknowledged wife becomes vested with an undivided one-half interest therein.
Conversely, a contrary statement, after her death, that he was not married, is self-serving and designed to divest the wife’s heirs of her community interest therein. Blasini v. Succession of Blasini, supra.
A marriage may be proved by reputation. Succession of Allen, 220 La. 365, 56 So.2d 577; Succession of St. Ange, 161 La. 1085, 109 So. 909.
In re Gray’s Succession, 201 La. 121, 9 So.2d 481; and Succession of Curtis, 161 La. 1045, 109 So. 832, the court said:
“The presumption in favor of marriage and the legitimacy of children is one of the strongest known to the law, and in favor of a child asserting its legitimacy this presumption applies with peculiar force.”
The other defense urged is that there is no documentary proof that Sarah Bourgeois ever divorced her first husband; the record is equally devoid of documentary proof that she ever married him. Sarah’s maiden name was Bourgeois, and her children may well have assumed their mother’s maiden name.
The mother of the minor, who was married to Stanley, Sarah’s son, testified she never knew nor saw her father-in-law, and that Stanley always told her his father was dead.
The District Court held that Defendants-Appellants failed to overcome the proof of marriage established by Plaintiff-Appellee.
The following cases are cited by Defendants-Appellants in support of the proposition that the burden of proving a marriage rests upon those who claim under and by virtue of that marriage. Succession of Giordano, 194 La. 648, 194 So. 577; Succession of Washington, 153 La. 1047, 97 So. 35; Doiron v. Vacuum Oil Company, 164 *584 La. 15, 113 So. 748. None of these cases are in point.
Succession of Giordano, supra, was a suit by an admittedly illegitimate child claiming to have been acknowledged by his father. Defendants admitted the acknowledgment but, without so pleading in their answer, sought to introduce proof of a marriage by the father which, if true, would have proved plaintiff was insusceptible of acknowledgment. The court held that, since the marriage was not pleaded, it could not be proved over the objection of plaintiff.
Succession of Washington, supra, involved an attempt to prove a slave marriage, and is not analogous to the instant case. Doiron v. Vacuum Oil Company, supra, was an attempt to prove a miscegen-etic marriage, also inapplicable here.
Defendants-Appellants further claim that no civil effects could flow from the alleged bigamous union of Sarah Bourgeois and Stephen Isidore Leduc, citing as authority: Marshall v. Smedley, 166 La. 364, 117 So. 323; Prieto v. Succession of Prieto, 165 La. 710, 115 So. 911; Succession of Thomas, 144 La. 25, 80 So. 186; Mounier v. Coutejean, 45 La.Ann. 419, 12 So. 623.
These cases all involved awareness of one of the parties contracting a second marriage that an impediment existed which made the second marriage bigamous. No legal presumption exists in favor of a bigamous union. Defendants-Appellants produced only one supposedly disinterested witness to prove the existence of an impediment that prevented Sarah Bourgeois from validly contracting marriage with' Stephen Isidore Leduc.
This alleged “disinterested witness” was Newell Jones. He testified, under direct-examination, that he was well-acquainted with deceased, knew him for many years and often went out on drunken sprees with him; that deceased more than a dozen times told him he had never married Sarah Bourgeois, but Jones could not explain the reason for such repetitious refutation. Under cross-examination, Jones testified that deceased never left the immediate vicinity of his home on Cleveland Ave. in New Orleans ; admitted that he was engaged illicitly in taking bets on race horses, and once served time in jail for brutally assaulting his son-in-law. On re-direct-examination, Jones testified that Sarah Bourgeois was only one of the many women with whom decedent frequently went on escapades. On re-cross-examination, when asked how he could reconcile his former testimony that decedent never left the immediate vicinity of his home, and his subsequent testimony that he left home on his many escapades with women, explained that decedent only left home when the women called to pick him up; that he never left home alone.
We feel certain that the District Court paid no attention to the testimony of this witness, and we agree with the District Court that the evidence establishes that decedent and Sarah Bourgeois were man and wife, and that there was no legal or factual impediment to invalidate the marriage. Hence, Plaintiff-Appellee sustained the burden of proof.
For the above and foregoing reasons, the judgment of the District Court is affirmed; Defendants-Appellants to pay costs in both courts.
Affirmed.