SAVOY, Judge.
Plaintiffs have appealed from an adverse judgment rendered in the district court.
They have filed suit against several defendants praying that a judgment of court in a succession proceeding recognizing these defendants as heirs of Mary Miller Chapman, deceased, be annulled as being a cloud on title to certain real estate owned by them in Rapides Parish, Louisiana. Only two of the parties made defendants answered the suit. Those answering filed a plea of estoppel because one of the ancestors in title of plaintiffs, namely, William George Chapman, in previous sales made of the real estate in litigation, stated in said deeds, which were by authentic acts, that at the time he acquired the property he was married but once and then to Mary Miller, the grandmother of the defendants named in this suit; that parol evidence is inadmissible to vary the terms of an authentic act. They then filed a general denial.
After a trial on the merits, the trial judge overruled the plea of estoppel, stating in his reasons for judgment that since plaintiffs had alleged in their petition that William George Chapman and Mary Miller never married, but, on the contrary, lived in open concubinage, defendants could not plea es-toppel since the doctrine cannot be invoked to impair the force and effect of a prohibitory law.
Counsel for defendants’ contention that parol evidence is not admissible to vary the terms of an authentic act as defined by LSA-C.C. Article 2236 is without merit for the cases cited in support of this position are not applicable in the instant case.
*767 We find it unnecessary to consider the question of whether parol evidence is admissible in this case because we have concluded that the parol evidence offered by plaintiffs does not establish the fact that there was no marriage.
Under our jurisprudence, where a man and woman have lived together publicly as husband and wife for a period of time, there arises a presumption that they are lawfully married, and this presumption is one of the strongest known to our law. Succession of Leduc, (La.App., 4 Cir., 1963), 153 So.2d 581. Under these circumstances, persons asserting that there was no marriage have the burden of proof.
The only testimony adduced at the trial was that of Chapman. His deposition was taken out of court. Although he stated in several deeds that he was married but once and then to Mary Miller, and also in his application for a marriage license to Willie Thompson he stated that he had been married but once and then to Mary Miller, now deceased; in his deposition he denied that he had ever made any statement in connection with his marital status.
In the Succession of Leduc, supra, the court said:
“A marital status given by a man when he acquires property that he is married, is a declaration against interest, as the acknowledged wife becomes vested with an undivided one-half interest therein.
“Conversely, a contrary statement, after her death, that he was not married, is self-serving and designed to divest the wife’s heirs of her community interest therein. Blasini v. Succession of Blasini, supra.”
We agree with the trial judge that plaintiffs have not borne the burden of proof imposed on them by our jurisprudence to show that William George Chapman and Mary Miller were not married, or that there was some legal impediment to prevent said marriage.
For the reasons assigned the judgment of the district court is affirmed at appellants’ costs.
Affirmed.