EDWARDS, Judge.
Plaintiff, Fannie T. Self, brought a pos-sessory action against Jessie Hutton and twenty-two other named defendants. Plaintiff sought to be recognized as the possessor of a certain 41.36 acre tract in St. Helena Parish and prayed for judgment ordering defendants to assert their claim of ownership in a petitory action within sixty days after judgment or to be thereafter precluded from so doing.
Defendants denied that plaintiff was in actual possession of the property, urged that they possessed as owners by virtue of inheritance, and claimed that Fannie Self, with their permission, was possessing for them.
Following trial, plaintiff was awarded judgment as prayed for. Defendants appeal, complaining of several findings of fact by the trial court, all of which resulted in the determination that Fannie Self was, indeed, in possession of the tract in question.
In a well-reasoned opinion, the district judge stated that he could find no evidence to substantiate defendants’ claim that plaintiff was possessing for them. Our review of the record likewise discloses no such evidence.
To the contrary, the record shows that Fannie T. Self is and has been possessing the property as owner for several years. Her living in the house, prior cultivation of the tract, gardening, and applications for homestead exemptions are the acts of an owner.
Defendants’ claim that, due to a disturbance of plaintiff’s possession in 1973, her 1975 possessory action had prescribed, LSA-C.C.P. Art. 3658, is without merit. It is well established that numerous disturbances may occur without interrupting possession. Liner v. Louisiana Land and Exploration Company, 319 So.2d 766 (1975). In the present case, plaintiff ignored the first disturbance but brought suit at the second. Such was her right.
For the foregoing reasons, the judgment appealed from is affirmed. All costs, both trial and appellate, are to be paid by defendants.
AFFIRMED.