FORET, Judge.
Plaintiffs [1] filed suit asking that they be recognized as the heirs of Edgar Dalgo and placed in possession of certain properties in Avoyelles Parish which Edgar Dalgo owned at the time of his death. Plaintiffs claimed their interest in Edgar Dalgo’s succession through their ascendant, Louis Edward Dalgo, who they alleged was a legitimate son of Edgar Dalgo and Emma Harri-ford. Made defendants were the heirs and successors in title of Edgar Dalgo’s legitimate children who had been placed in possession of his property. Defendants[2] filed an exception of no right of action and exceptions of ten years and two years acquisitive prescription. The court sustained defendants’ exception of no right of action, finding that Louis Edward Dalgo, plaintiffs’ ancestor, was illegitimate, and accordingly, that plaintiffs had no right to participate in Edgar Dalgo’s succession. The court also sustained defendants’ exceptions of ten years and two years acquisitive prescription.
After careful review of the record, we find no error in the court’s determination that plaintiffs’ ascendant was illegitimate. As a result, plaintiffs have no right to participate in Edgar Dalgo’s succession. We affirm the trial court’s dismissal of plaintiffs’ action on that basis and refrain from any discussion of the other issues raised by appellants.
FACTS
Emma Harriford lived with a man named Shelby Dozier and had two children with him. After she and Dozier parted, she lived alone for four or five years. She then began living with Edgar Dalgo. She had two children with him: Ella and Louis Edward, the ancestor through whom plaintiffs claim their right to Edgar Dalgo’s succession. From the record, it is unclear exactly how long Emma Harriford and Edgar Dal-go lived together. The indication is that it was a relatively short period of time since Emma Harriford subsequently lived with one John McGinney and had two more children.
After Edgar Dalgo and Emma Harriford went their separate ways, Edgar Dalgo married Denise Juneau, with whom he had three children. Edgar Dalgo died in 1956. At the time of his death, he owned a tract of land in Avoyelles Parish that he had acquired by thirty years acquisitive prescription. In 1970, Denise Juneau died.
The succession of Edgar Dalgo was opened in 1970. The judgment of possession recognized the children of his marriage with Denise Juneau as his sole heirs and placed them in possession of his property. The judgment also recognized Denise Juneau’s interest as the surviving spouse in community. No mention was made of the plaintiffs or their ancestor, Louis Edward Dalgo, in these succession proceedings. As a result of a series of transactions, the property in which plaintiffs claim an interest became vested in Jessie Dalgo and Hubert Barr. At the time of filing of plaintiffs’ action, both Jessie Dalgo and Hubert Barr were deceased, and their heirs had taken possession of the disputed property.
*535 PRESUMPTION OP MARRIAGE AND LEGITIMACY
The trial court determined that Louis Edward Dalgo was illegitimate. We find no error in that determination.
Plaintiffs maintain that under the circumstances of this case, a presumption of marriage and, therefore, legitimacy, should arise. We disagree. Although the Supreme Court of this State has indicated' that a presumption of marriage and legitimacy may arise in certain cases; In Re Gray’s Succession, 201 La. 121, 9 So.2d 481 (1942); Succession of Anderson, 176 La. 66, 145 So. 270 (1932); John Blasini, et al. v. Succession of Silvestre Blasini, 30 La.Ann. 1388; the present case is distinguishable on the facts. In all three cases cited above, there are three factors which the Court considered important in establishing a presumption of marriage and legitimacy: first, the couple lived together for a considerable length of time and, in all cases, until one of the presumed spouses died; secondly, during and after the presumed marriages, the surviving spouse treated the children as his legitimate children, educating and maintaining them; finally, in all three cases, it was clear from the evidence that the public at large considered the couple as husband and wife.
None of these factors are found in the present ease. The evidence shows that Emma Harriford and Edgar Dalgo were together for a relatively short period of time. There is no evidence that Edgar Dalgo treated Edward Louis as his legitimate child after he and Emma Harriford separated. Finally, in the present case, the evidence adduced at trial did not indicate that the public at large considered Emma Harriford and Edgar Dalgo as husband and wife. The uncertainty of plaintiffs’ witnesses as to whether they were married indicates that there was considerable doubt in this regard. We conclude that no presumption of marriage and legitimacy was established by plaintiffs.
Succession of Marinoni, 183 La. 776, 164 So. 797 (1935), cited by plaintiffs, is inapplicable to the present case since it concerned a putative spouse. In Cunningham v. Jordan Drilling Co., 19 La.App. 40, 138 So. 689 (2 Cir.1932), also cited by plaintiffs, although there was a presumption of marriage, the court considered it to be very weak, and it was overcome by contravening evidence. In Cunningham, the court found it significant that the couple lived together for only a short period of time and then separated without raising the children that resulted from their relationship. In this respect, that case resembles the one before this Court. The importance of the length and constancy of the relationship to the establishment of the presumption of marriage can be seen in another case cited by plaintiffs, Succession of Leduc, 153 So.2d 581 (La.App. 4 Cir.1963). In that case, the couple had lived together for seventeen years until one of them died. Additionally, in Leduc, the court found, and gave great weight to the fact, that the wife’s death certificate stated that she was the wife of Stephen I. Leduc, and further that Leduc buried her in his cemetery plot identified by a tombstone with the iiiseription, “Sarah Bourgeois Le-duc”. Finally, the court gave additional weight to the fact that when Leduc acquired the real estate involved in the succession, he stated under oath in both notarial acts of purchase that he was married to Sarah Bourgeois, fixing the date of marriage as “approximately twelve years ago”. In all of these respects, Leduc is distinguishable from the present case.[3]
In the present case, no certificate of marriage nor record of divorce was introduced into evidence. The failure to introduce a record of divorce is particularly significant. Edgar Dalgo was married subsequent to his having lived with Emma Harriford. Emma Harriford and Edgar Dalgo had lived together in Avoyelles Parish. After they separated, they continued to live in *536 the same parish. The failure to introduce some record of a divorce between Emma Harriford and Edgar Dalgo tends to show that the two were never married. Finally, a certificate of baptism introduced by plaintiffs showed Louis Edward’s parents as Edgar Dalgo and Emma Harriford rather than Emma Harriford Dalgo.
For the above reasons, we agree with the trial court’s determination that plaintiffs’ ancestor, Louis Edward Dalgo, was illegitimate.
THE RIGHTS OF AN ILLEGITIMATE TO INHERIT
Plaintiffs’ claim to the succession of Edgar Dalgo depends on the inheritance rights of their illegitimate ancestor. At the time of Edgar Dalgo’s death in 1956, LSA-C.C. Article 919 denied inheritance rights to illegitimates in the succession of a father who was survived by other relatives. If Article 919 is applicable to the present case, plaintiffs have no right to participate in Edgar Dalgo’s succession since Edgar Dalgo left behind legitimate descendants. Although the Louisiana Supreme Court has found Article 919 unconstitutional, Succession of Brown, 388 So.2d 1151 (La.1980), that decision was only given retroactive application to January 1, 1975. Succession of Clivens, 426 So.2d 585 (La.1982). Since Edgar Dalgo’s death occurred before this date, Brown is not applicable. Article 919 is applicable and plaintiffs have no right to participate in Edgar Dalgo’s succession.
Accordingly, the trial court’s ruling sustaining defendants’ exception of no right of action is affirmed.
DECREE
For the aforementioned reasons, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against plaintiffs-appellants.
AFFIRMED.

. Mamie Dalgo Juneau, Lucille Dalgo Guillot, Joseph Dalgo, Sanvos Peter Dalgo, Aza Mae Dal-go Badeaux, Virginia Dalgo Bryant, Ollie Dalgo Williams, Milton J. Dalgo, Jeanette Dalgo Mills, Douglas Dalgo, Devan Dalgo, Ronald Dalgo, Wiltz Dalgo, and Marshall Dalgo.

. Carolyn Barr Alexander, Hubert Barry Barr, Hazel Baudin Barr, Irene Dalgo Miller, and Marie Dalgo Jenke.

. For the same reasons, Baker v. Williams, 176 So.2d 766 (La.App. 3 Cir.1965), is also distinguishable.