SHORTESS, Judge.
Plaintiffs-appellants, the Heirs of Edith Hutton Self, filed this petitory action seeking to be recognized as the owners of a certain tract of land located in St. Helena Parish. Defendant-appellee, Fannie T. Self, answered the suit, denied plaintiffs’ allegations and claimed ownership. After trial on the merits, judgment was rendered dismissing plaintiffs’ suit and this appeal followed.
Plaintiffs claim ownership of the subject property by virtue of a judgment of possession rendered in the succession of Edith Hutton Self on March 18, 1975, which placed them in possession as owners of the property in question. Soon after the judgment of possession was rendered, Fannie Self filed a possessory action seeking to be recognized as possessor of the subject tract and ordering the heirs of Edith Hutton Self to assert their claim of ownership in a petitory action within sixty days after judgment or to be thereafter precluded from doing so. This court in Self v. Hutton, 395 So.2d 382 (La.App.lst Cir.1981), affirmed the trial court’s decision in favor of plaintiff which found that she had been possessing the property as owner for several years.
*554 From the record and exhibits in this appeal the following facts are apparent. Booker Self married Irand Bryant in 1925 and was divorced from her in 1940. Sometime between 1940 and 1946, Booker Self married Edith Hutton Self who subsequently died in 1959. In October, 1960, Booker Self married Fannie T. Self and remained married to her until his death in 1973. After the death of Booker Self, defendant continued to live on the property claiming ownership. In 1975, the heirs of Edith Hutton petitioned and obtained from the court the above mentioned judgment of possession in the succession of Edith Hutton Self. Defendant responded to the disturbance in her possession with the above mentioned possessory action. Additionally, the last will and testament of Booker Self bequeathing all the property he died possessed of to Fannie Self and naming her testamentary executor was probated in 1975, however, no judgment of possession is in this record.
The property in question was initially bought by Booker Self from Percy C. Till-ery by authentic act dated April 24, 1946. In this act of sale, Booker Self was described as having been married twice, first to Irand Bryant from whom he was divorced, and second to Edith Hutton with whom he was presently living and residing. One year later, on April 24, 1947, Booker Self sold the property to J.H. Hutton, brother of Edith Hutton, by authentic act. Again, Booker Self was described as being divorced from his first wife and presently married to Edith Hutton. On March 19, 1950, J.H. Hutton sold the property to Edith Hutton Self, described as wife of Booker Self. This act of sale declared that, “The purchaser, Edith Hutton Self, does purchase above described property with her separate and paraphernal funds for the use and benefit of her own separate estate to be separately administered by her.” This act of sale was, however, signed only by the vendor, John Henry Hutton, and the notary public.
The trial court concluded that Edith and Booker Self were validly married and had established a community of acquets and gains. It went on to find that since the property was purchased during the existence of the community, the presumption arose that the property fell into the community regardless of the declaration in the deed from J.H. Hutton to Edith Self. Having determined that the presumption had not been overcome, upon the death of Edith Self, the ownership of the property passed to her surviving spouse, Booker Self, in its entirety.
We are mindful of the fact that no marriage certificate was produced showing the marriage of Edith and Booker Self. However, it has long been held that a marriage can be proved by reputation. Succession of Leduc, 153 So.2d 581 (La.App.4th Cir.1963). Additionally, we note that there is evidence in the record that Booker Self was divorced from his first wife, thus removing any possible impediments to the marriage to Edith Hutton. As noted in Baker v. Williams, 176 So.2d 766 at 767 (La.App.3rd Cir.1965),
Under our jurisprudence, where a man and woman have lived together publicly as husband and wife for a period of time, there arises a presumption that they are lawfully married, and this presumption is one of the strongest known to our law. Succession of Leduc, (La.App.4 Cir., 1963), 153 So.2d 581. Under these circumstances, persons asserting that there was no marriage have the burden of proof.
We find nothing clearly erroneous in the trial court’s ruling that Edith and Booker Self were validly married.
At the time the property was purchased in the name of Edith Self, LSA C.C. art. 2402 (As amended by Acts 1902, No. 68) provided that property purchased, “... even although the purchase be only in the name of one of the two and not of both, ...” became community property. The jurisprudence further recognized that the presumption which arises from the purchase of property during the community of acquets and gains is not overcome by a mere declaration in a deed to the wife that *555 she is purchasing the property with her separate and paraphernal funds. Taylor v. Dunn, 233 La. 617, 97 So.2d 415 (La.1957). We agree with the trial court that plaintiffs simply failed to rebut the presumption that this was community property.
Plaintiffs’ burden in the petitory action is denoted in LSA C.C.P. art. 3653 which provides:
To obtain a judgment recognizing his ownership of immovable property or real right therein, the plaintiff in a petitory action shall:
(1) Prove that he has acquired ownership from a previous owner or by acquisitive prescription, if the court finds that the defendant is in possession thereof; or
(2) Prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof. When the titles of the parties are traced to a common author, he is presumed to be the previous owner.
Article 3653 was amended by Acts 1981, No. 256, § 1, effective September 11, 1981. The Comments found under Article 3653, which do not form a part of the article but which do clearly state the legislative intent, provide that the amendment, “... brings the procedural law, relative to proof of ownership of immovables, in line with the substantive law contained in Civil Code Articles 531 and 532.” Although plaintiffs’ petition was filed in May, 1981, amended Article 3653 is clearly procedural, and thus, can be applied retroactively to these facts. Dripps v. Dripps, 366 So.2d 544 (La.1978). It is clear that plaintiffs have failed to meet their burden regardless of which version of Article 3653 is applied.
Plaintiffs in this case have never alleged acquisitive prescription. As noted above, defendant was in possession at the time this suit was commenced. It was, therefore, plaintiffs’ burden to show that they acquired ownership from a previous owner. Plaintiffs allege that they have traced title to a common author, Edith Self, which if proven, would satisfy the requirements of LSA C.C.P. art. 3653. However, given our finding that the trial court was correct in determining that the property was community property which passed to Booker Self upon Edith’s death, we find that plaintiffs have failed to prove any ownership interest in the subject property.
The decision of the trial court which dismissed plaintiffs-appellants’ petitory action is affirmed at appellants’ costs.
AFFIRMED.